ALFRED W. HYDE *v.* JOHN H. RICHARD ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued December 4, 1957—decided January 21, 1958

*Kevin T. Gormley,* with whom, on the brief, were *Nelson Harris* and *Joseph R. Apter,* for the appellant (plaintiff).

*Harry P. Lander,* with whom, on the brief, was *John H. Krick,* for the appellee (defendant Gulf Oil Corporation).

BALDWIN, J. The writ in this action described the defendant Gulf Oil Corporation as "a foreign corporation having an office and principal place of business in the Town and County of New Haven." The return of the officer who made service of the process recited that he had "served the within named defendant, Gulf Oil Corporation by leaving with Warren J. Krompinger, Foreman, a true and attested copy" of the process. The corporation pleaded in abatement because the process was not served in the manner required by § 3149d of the 1955 Cumulative Supplement to the General Statutes. The pertinent portion of this statute provides: "In actions against private corporations, service shall be made either upon the president, the vice-president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against private corporations established under the laws of any other state, any foreign country or the United States, service may be made upon any of the aforesaid officers or agents, or upon the resident attorney of such corporation appointed pursuant to section 2590d."

Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. When the particular officers or employees of a corporation upon whom service may be made are designated, service upon any other person as a representative of the corporation is inadequate to confer jurisdiction upon the court to

which the process is returnable. *FitzSimmons* v. *International Assn. of Machinists,* 125 Conn. 490, 493, 7 A.2d 448. The conclusion of the trial court that Krompinger, a delivery foreman employed by the defendant at its bulk plant, was not a proper person within the terms of the statute to receive service in behalf of the corporation was correct.

The plaintiff claims that the court also erred in ordering judgment entered before he had an opportunity to amend the defect under General Statutes § 7847. Any amendment of the process must have been addressed to the officer's return. When it appears from the facts that no proper person was served, no amendment which could cure the defect in the service is possible. *Safford* v. *Morris Metal Products Co.,* 99 Conn. 372, 377, 121 A. 885. There is no merit in this claim of the plaintiff.

There is no error.

In this opinion the other judges concurred.