CITY OF NEW HAVEN *v.* LOCAL 884, COUNCIL No. 4, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, A.F.L.–C.I.O., ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 127695
AT NEW HAVEN

Memorandum filed July 29, 1971

*Thomas F. Keyes, Jr.,* corporation counsel, for the plaintiff.

*Zeman, Daly & Silvester,* of Hartford, for the defendants.

GRILLO, J. On June 8, 1971, the plaintiff, the movant herein, made a previous application to this court to vacate an award made by the state board of

mediation and arbitration, that award being also the award to which the present motion to vacate is addressed. The defendants pleaded in abatement to that application. They alleged that although all of the officers of the defendant Local 884, including the presiding officer, secretary and treasurer, were residents of the state of Connecticut, no service of process was made upon any officer as required by § 52-59 of the General Statutes.[1] At a hearing in this matter on June 24, 1971, as a result of a stipulation entered into by all parties, judgment was rendered for the defendants, the plea in abatement having been sustained.

On June 24, 1971, the plaintiff again moved to vacate the arbitrator's award, proper service subsequently being made. The defendants now plead in abatement to this motion, contending that this court has no jurisdiction over the subject matter because the motion to vacate the award was made later than thirty days from the notice of the award to the plaintiff. The defendants claim that under § 52-420 of the General Statutes the motion comes late.[2] Although the plaintiff denies the material allegations of the defendants' plea in abatement, it was conceded in argument that the present motion to vacate the award was made later than thirty days after notice of the award of the state board of mediation and arbitration was received by the plaintiff, the date of such receipt being May 24, 1971. The plaintiff, however, maintains that the court must consider this motion as an amendment of a defect. It cites

---

[1] "Sec. 52-59. SERVICE OF PROCESS UPON VOLUNTARY ASSOCIATIONS. In any action against a voluntary association service of process may be made upon the presiding officer, secretary or treasurer. . . ."

[2] "Sec. 52-420. MOTION TO CONFIRM, VACATE OR MODIFY AWARD. . . . No such motion to vacate, modify or correct an award shall be made after thirty days from the notice of the award to the party to the arbitration who makes the motion. . . ."

§ 52-125 of the General Statutes[3] and § 97 of the Practice Book[4] as authority for this claim.

Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. When it appears from the facts that no proper person was served, as was the case with reference to the original motion to vacate the award, no amendment which could cure the defect in this service was possible. *Hyde* v. *Richard,* 145 Conn. 24, 25.

The plaintiff asserts that this court has judicial discretion to allow the new motion of June 24, 1971, to be filed and that it is not subject to the plea in abatement. The court has no such discretion since, under the applicable statute (§ 52-420), the motion must be made within the thirty-day period. Since that period elapsed prior to June 24, 1971, the claim of the plaintiff cannot be acted upon. *Textile Workers Union* v. *Uncas Printing & Finishing Co.,* 20 Conn. Sup. 91, 98. The motion of June 24, 1971, to vacate the award involved entirely new proceedings and required conformity to the mandate of the thirty-day provision of the statute. Since this court had acquired no jurisdiction over the subject matter relative to the original motion of June 8, 1971, there was no action pending in this court to which an amendment could relate; that is to say, there was no curable defect.

Neither is there any indication in the record, nor was any claim made in argument, that the present

---

[3] "Sec. 52-125. AMENDMENT AFTER PLEA IN ABATEMENT. If any plea in abatement of any process is ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time."

[4] "[Practice Book] Sec. 97. PLEADING OVER BY PLAINTIFF. If any plea in abatement is ruled in favor of the defendant, the plaintiff may in a proper case amend the defect on paying to the defendant his costs to that time."

motion resulted from any action of the court allowing an amendment to a defective civil process under the provisions of § 52-72 of the General Statutes.[5] As a matter of fact, this court has taken judicial notice of the file relating to the motion of June 8. It recites: "Final judgment—case disposed of as to all parties." The present motion, so far as the pleading rights of the defendants are concerned, stands on the same footing as one having no prior litigious history. Legally, it is an original application. The motion comes too late.

The plea in abatement is sustained. Enter judgment for the defendants.

---

[5] "Sec. 52-72. AMENDMENT OF PROCESS. Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement. Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of such service, as if originally proper in form. . . ."