[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party plaintiff Ox-Bow Marina, Inc. (hereinafter referred to as "Ox-Bow") brings a third party complaint dated September 25, 1989 against the third party defendant Bayliner Marine Corp. (hereinafter referred to as "Bayliner"), seeking indemnification against any judgment rendered against the third party plaintiff in the subject action entitled William P. Keefe, M.D. v. Ox-Bow Marina, Inc.
The third party defendant Bayliner is a foreign corporation. Its appearance was filed January 30, 1990. The subject motion to dismiss was filed March 1, 1990, within the thirty-day time limit established by Connecticut Practice Book Section 142. A memorandum of law in support of the motion and a telefax copy of the affidavit of Donald C. Cramer was filed the same day. The third party plaintiff did not file a memorandum of law in opposition to the motion to dismiss or supporting affidavits.
On April 5, 1990, the court (Walsh, J.) granted the subject motion to dismiss on the grounds that "Pursuant to Sec. 143 of Prac. Book no objection having been filed by memo. of law with supporting affidavits — the court concludes that there is no objection by the adverse party. See appropriate case law."
Thereafter, the third party plaintiff Ox-Bow filed a "motion to open judgment of dismissal" dated May 7, 1990 requesting an opportunity to present its opposition to the motion to dismiss. On June 4, 1990, the court (Vasington, J.) granted the motion to open judgment of dismissal.
The subject motion to dismiss was reclaimed to the short calendar and appeared on the June 25, 1990 short calendar. At that short calendar, the court (Burns, J.) agreed to consider the motion to dismiss on its merits. The third party plaintiff has not filed a memorandum of law in opposition to the motion to dismiss or supporting evidence.
A motion to dismiss may be used to assert, among other claims, claims of insufficiency of process and insufficiency of service of process. Connecticut Practice Book Section 143.
A party wishing to object to a motion to dismiss shall file an opposing memorandum of law and appropriate supporting affidavits at least five days before the motion is to be considered on the short calendar. Connecticut Practice CT Page 1328 Book Section 143. A similar time requirement pertaining to opposition to motions for summary judgment (Connecticut Practice Book Section 380) has been construed to not be a jurisdictional barrier that the court may not excuse. Pepe v. New Britain, 203 Conn. 281, 288 (1987). Therefore, it is within the court's discretion to consider the subject motion to dismiss on its merits although the third party plaintiff has failed to file an opposing memorandum or affidavits. Connecticut General Statutes Section 33-411 (d) establishes the procedure for service of process on a foreign corporation under the long arm statute and provides:
 (d) In any action brought (1) under subsection (b) or (c) of this section or (2) under subsection (e) of section 33-371, or in any foreclosure or other action involving real property located in this state in which a foreign corporation, although not transacting business in the state, owns or claims to own an interest, the secretary of the state shall be deemed the agent of the corporation in this state and service of process on such corporation shall by made as provided in subsection (a) of this section, except that the secretary of the state shall address the copy thereof to the corporation at the address of its executive offices or, if it has no such office, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process. Upon service being so made, the court may proceed to a hearing at the first term or session, or thereafter, as it deems proper.
The sheriff's return states that on September 26, 1989, he made service upon Bayliner Marine Corp. by leaving two true and attested copies of the original application, order, summons and complaint at the office of the secretary of the state of Connecticut. The address for the third party defendant set forth on the summons is: "Bayliner Marine Corp. A/S: Secretary of State, Corporate Division, 505 E. Union, Rep. Building, 2nd Floor, Olympia, WA 98504."
In support of its motion to dismiss, the third party defendant Bayliner filed a telefax copy of the affidavit of Donald C. Cramer, which states in pertinent part: that he is CT Page 1329 general counsel for Bayliner Marine Corp.; that Bayliner Marine Corp. is a Delaware corporation with executive offices in Arlington, Washington; and that the address listed on the summons is not and never has been the address of Bayliner Marine Corp. or any of its offices or manufacturing plants; and the third party defendant never received the process purportedly sent to the incorrect address.
Although the movant generally has the burden of establishing insufficient service of process, Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53 (1983), "(w)here . . . the motion (to dismiss) is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . ." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988).
When a statute specifies the manner of service, unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. Hyde v. Richard, 145 Conn. 24, 25 (1958); General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223,227 (1988).
In this case, Connecticut General Statutes Section 33-411 (d) specifics that a copy of the process must be mailed by the Connecticut secretary of state to the out-of-state corporation at its executive offices or, if it has no such office, to its last office as shown in the official registry of its place of incorporation, and that such address must be set forth in the writ or other process. There is no provision in the statute for mailing the process to the secretary of state of the state where the defendant has its executive offices, as the third party plaintiff attempted herein.
Therefore, the process attempted to be served on the third party defendant Bayliner was insufficient in that it did not set forth the address of Bayliner's executive offices, and the service of process on the third party defendant was insufficient in that it was not mailed to Bayliner's executive offices. Consequently, this Courts lacks jurisdiction over the third party defendant and the subject motion to dismiss is granted.
BURNS, J.