[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
ISSUES
Should the defendants, Design Manufactured Homes and Marketing, Inc. and Sherwood Homes, Inc., motion to dismiss pursuant to Sections 142 and 143(5) of the Connecticut Rules of Court be granted on the grounds that this Court lacks personal jurisdiction over them as a result of insufficiency of service of process.
FACTS
On or about February 21, 1989, the plaintiffs instituted the present action. According to the return of service provided by Deputy Sheriff Joseph J. Salafia, service was made on the defendant Design Manufactured Homes by leaving two true and attested copies of the original writ, summons and complaint with the Office of the Secretary of State on February 27, 1989. On the return of service, the sheriff states the address for Design Manufactured Homes as being West 5th Street, Bloomsburg, Pennsylvania, and the address for Sherwood Homes, Inc. as Box 244, R.D. 2 Holicong Road, New Hope, Pennsylvania. According to affidavit dated November 6, 1990, Design Manufactured Homes and Marketing, Inc. is a New York corporation with an address of R.D. 2 Box 93, Rt. 22, Pawling, New York. Affidavit of James Dagata. According to affidavit, Sherwood Homes, Inc. is a New York corporation with an address of R.D. 2, Box 93, Rt. 22, Pawling, New York. It is apparent that the plaintiffs and/or the sheriff failed to CT Page 674 provide the Secretary of State with the proper addresses for the defendants Design Manufactured Homes and Marketing, Inc. and Sherwood Homes, Inc.
DISCUSSION
Section 33-411 of the Connecticut General Statutes governs the service of process on foreign corporations. Section 33-411 (d) states that: "In any action brought (1) under subsection (b) or (c) of this section. . .the secretary of the state shall be deemed the agent of the corporation in this state and service of process on such corporation shall be made as provided in subsection (a) of this section, except that the secretary of the state shall address the copy thereof to the corporation at the address of its executive offices or, if it has no such office, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process."
The plaintiff has failed to properly serve the defendants Design Manufactured Homes and Marketing, Inc. and Sherwood Homes, Inc. Nowhere in the writ or other process provided to the Secretary of State is the address of the executive offices or the last known office shown in accordance with the official registry of the state or country of incorporation of either Design Manufactured Homes and Marketing, Inc. or Sherwood Homes, Inc. The plaintiff's service of process is insufficient to meet the requirements of Connecticut General Statutes Section 33-411 (d) and constitutes insufficient service of process on the defendants Design Manufactured Homes and Marketing, Inc. and Sherwood Homes, Inc.
The plaintiffs in their objection to the motion to dismiss dated November 28, 1990 acknowledge "a good faith error in serving these two defendants."
 The plaintiffs' failure to comply with C.G.S. Sec. 33-411 (d) deprives the court of subject matter jurisdiction
The court lacks subject matter jurisdiction over this action because the plaintiffs have not properly served the defendants.
In Tarnopol v. Connecticut Siting Council, 212 Conn. 157
(1989), the plaintiff attempted to appeal from the decision of the defendant administrative agency. However, the plaintiff did not comply with the statutory requirements for CT Page 675 service of process in administrative appeals. The trial court dismissed the appeal because it lacked subject matter jurisdiction, and the Supreme Court upheld the dismissal on that basis. Id. at 163.
 The plaintiffs cannot amend an error in a matter in which the court never obtained jurisdiction
The court has acquired no jurisdiction over the subject matter relative to the original complaint. There is no action pending in the court as to which an amendment could relate, and therefore, there is no curable defect. See New Haven v. Local 884, 29 Conn. Sup. 289, 291 (1971). Since there was no jurisdiction over the original process, there is nothing to amend. Hyde v. Richard, 145 Conn. 24, 26 (1958).
 The defendants are not required to affirmatively show that they have been prejudiced in order to warrant a dismissal of this action.
The plaintiffs argue that the defendants had actual notice of this action, and therefore are not prejudiced in any manner. This is not sufficient cause to prevent a dismissal which is otherwise warranted. See Tarnopol, 212 Conn. at 166, citing Chestnut Realty, Inc. v. Commission on Human Rights and Opportunities, 201 Conn. 350, 356 (1986). "(W)henever there is a question involving the jurisdiction of the trial court in an administrative appeal, it is imperative that the plaintiffs strictly comply with the procedural statutes. . . . (T)he plaintiff's failure to comply with the (statute) renders their appeal subject to dismissal regardless of whether the defendants were prejudiced." Tarnopol, at 166.
The motion to dismiss is granted.
AUSTIN, J.