[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO DISMISS)
The defendants Frank Lomangino and Adrienne Lomangino move to dismiss the action on two grounds: insufficiency of service of process and existence of a prior pending action.
On April 30, 1990, the plaintiff filed a mechanic's lien on property owned by the named defendants located in the Town of Somers.
On April 29, 1991, the plaintiff commenced an action to foreclose the mechanic's lien by abode service at 30 Hall Hill Road, Somers, Connecticut, believing it to be the usual place of abode of the Lomanginos. (See Return of Service). Jurisdiction of the person is obtained by proper service of process. Without proper service of process the Court is without jurisdiction. Hyde v. Richard, 145 Conn. 24 (1958).
From the testimony tendered by Mr. Lomangino at the hearing the Court finds that on or about June 24, 1990, Mr. CT Page 5908 Lomangino moved to Middletown, New Jersey. That approximately one week later — during the first week of July 1990, his furniture was moved to New Jersey and his wife and four of their eight children living at home also moved to New Jersey at that time. Mr. Lomangino had purchased a business in New Jersey which he was running and the move to New Jersey was a change of residence or abode.
In August of 1990 the Lomanginos registered seven motor vehicles in New Jersey. Mr. Lomangino has a New Jersey operator's license and his children attend school there. Their federal tax return for calendar year 1990 lists their home address as Middletown, New Jersey. The Lomanginos still own the residence at 30 Hall Hill Road in Somers, Connecticut, but is is not furnished. Mr. Lomangino spent a two nights at the Hall Hill Road house since moving, and slept on a mattress on the floor. Except for those two instances whenever he comes to Connecticut he stays with his daughter who lives in Somers, but at a different location on Concord Terrace.
Mr. Lomangino learned of the mechanics lien and the action to foreclosure it by happenstance when a third party with a mortgage interest on said property learned of it during an attempt to utilize that mortgage interest as collateral for a loan, and notified Mr. Lomangino in New Jersey sometime in May 1991.
The question of what constitutes an abode is a factual one — but it generally means a place of residence within this state. From the facts found, the Court concludes that 30 Hall Hill Road was neither the usual place of residence, nor was it a usual place of residence. The named defendants had moved their residence to New Jersey in July, 1990. The Connecticut house was thereafter vacant, without furnishings, and not used as a residence or abode by the defendants. The two instances when Mr. Lomangino spent a night there after July of 1990 does not turn it into a place of usual abode. There is no regularity of use or any predictability that they will ever spend any time at the Somers property. There is no showing of any intent to use the property or to return to it by the defendants. The mere fact of ownership does not make it an abode, and those factors which could be the basis of finding it to be an abode (even a temporary one) are not present here.
The Motion to Dismiss must, accordingly, be granted for failure of service of process.
The plaintiff has requested permission to obtain an CT Page 5909 order of notice in the event of an adverse ruling in order to properly serve the Lomanginos. It is clear that Section49-39 of the general statutes would make any such new service at this date a nullity. An action to foreclose a mechanic's lien must be commenced within one year following the date of the mechanic's lien. The jurisdictional defect in this case results in an invalid attempt to commence the action, that is to say the action has not been commenced, and the time to bring an action has elapsed. The mechanics lien simply no longer has any validity and as a matter of law is discharged. Conn. Gen. Stat. Sec. 52-592 provides for the bringing of a new action upon accidental failure of suit, but its protection is afforded to actions commenced within the time limited by law (emphasis supplied). An action is commenced by serving the writ on the defendant, Lacasse v. Burns,214 Conn. 464, 475 (1990). That has not been done in this case.
Accordingly, the Motion to Dismiss is granted as to the defendant's Frank Lomangino and Adrienne Lomangino.
Hon. Lawrence Klaczak Superior Court Judge