[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action, as an assignee of a note and mortgage, asserting a default in the obligations under the note and mortgage and seeks, in addition to other relief, a foreclosure and a deficiency judgment.
The defendants, GSL Associates Limited Partnership ("GLS") and Nash's Corner Associates Limited Partnership ("Nash"), have filed a Motion To Dismiss the Action, asserting that GSL, formerly known as Nash Partnership has, as its sole general partner 175-181 Post Road West Associates Limited Partnership ("175-181") and that service of process was made upon Gene S. Manheim as general partner of GSL. The defendants claim that Gene S. Manheim is not the general partner of GSL, or Nash, and therefore the court is without jurisdiction.
"Service of process on a party in accordance with the statutory requirements is a prerequisite to the court's exercise of impersonum jurisdiction over the party." General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227 (1988). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Hyde v. Richard, 145 Conn. 24, 25 (1958). Under Connecticut Uniform Limited Partnership Act, each limited partnership shall have a statutory agent for service of process (General Statutes 34-13b(b)) and process may be served upon the statutory agent. (General Statutes 34-13b(f).
A motion to dismiss admits all facts that are well pleaded and CT Page 5790 the court decides the issue on the basis of the existing record or, if the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for the determination of the jurisdictional issues. Barde v. Board of Trustees, 207 Conn. 58, 62 (1988). In the present case, the defendants have submitted, as Exhibit A, a certified copy of the Amendment to the Certificate of Limited Partnership of Nash stating that Nash changed its name to GSL and stating that "the agent for service of process on the partnership is Gene S. Manheim . . ." The sheriff's return states that the Writ, Summons and Complaint were left: (1) "with and in the hands of Mr. Gene S. Manheim, General Partner, Matrix Development Corporation, person authorized to accept service for and on behalf of Nash Corner Associates Limited jurisdiction.
"Service of process on a party in accordance with the statutory requirements is a prerequisite to the court's exercise of impersonum jurisdiction over the party." General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227 (1988). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Hyde v. Richard, 145 Conn. 24, 25 (1958). Under Connecticut Uniform Limited Partnership Act, each limited partnership shall have a statutory agent for service of process (General Statutes 34-13b(b)) and process may be served upon the statutory agent. (General Statutes 34-13b(f).
A motion to dismiss admits all facts that are well pleaded and the court decides the issue on the basis of the existing record or, if the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for the determination of the jurisdictional issues. Barde v. Board of Trustees, 207 Conn. 58, 62 (1988). In the present case, the defendants have submitted, as Exhibit A, a certified copy of the Amendment to the Certificate of Limited Partnership of Nash stating that Nash changed its name to GSL and stating that "the agent for service of process on the partnership is Gene S. Manheim . . ." The sheriff's return states that the Writ, Summons and Complaint were left: (1) "with and in the hands of Mr. Gene S. Manheim, General Partner, Matrix Development Corporation, person authorized to accept service for and on behalf of Nash Corner Associates Limited Partnership one of the named defendants; and (2) "with and in the hands of Mr. Gene S. Manheim, General Partner, care of Matrix Development Corporation, Person authorized to accept service for and on behalf of GSL Associates Limited Partnership one of the named defendants" (emphasis supplied). Thus, while the sheriff's return inaccurately describes Mr. Manheim's status as a general partner, the return does state he is a person authorized to accept service on behalf of Nash and GSL. In view of Mr. Manheim's appointment as the agent for service of process, the misdescription CT Page 5791 of the status of Mr. Manheim as a general partner is a circumstantial defect, which would not deprive the court of jurisdiction. See, General Statutes 52-123; Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 477-79 (1979), cert. denied 445 U.S. 904 (1980); World Fire and Marine Insurance Co. v. Alliance Sandblasting Co., 105 Conn. 640, 642-644 (1927).
The moving defendants also assert that because Nash is nothing but the previous name of GSL, there is no longer an entity named Nash and that service of process is defective for the same reasons asserted with respect to GSL. The jurisdictional defects claimed by the defendants are the same in both instances and for the same reason are not persuasive. The status of Nash can be left to further proceedings.
Accordingly, the Motion to Dismiss is hereby denied.
RUSH, J.