[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS BY DEFENDANT BONNIE STRAIT AND THE CONNECTICUT CORRECTIONAL OMBUDSMAN, INC.
The defendant Bonnie Strait and the Connecticut Correctional Ombudsman, have moved to dismiss this action for a number of reasons, including that the court lacks personal jurisdiction because the purported service of the complaint on those defendants was improper.
The return of service made by Ernesto Gonzalez, Deputy Sheriff, Hartford County, indicates that he made service on the Connecticut Correctional Ombudfsman, Inc. by placing a true and attested copy of the original writ, summons and complaint with and in the hands of James R. Bookwalter, agent for service for Bonnie Strait and the Connecticut Correctional Ombudsman, Inc. on February 10, 1993. At a hearing on the motion to dismiss Mr. Bookwalter testified that he is the president of Connecticut Correctional Ombudsman, Inc., a non-profit, non-stock Connecticut corporation and that he is also the agent for service for that corporation. He stated that Deputy Sheriff Gonzalez never personally served him with a copy of the writ, summons and complaint in this action on February 10, 1993 or on any other date.
At the hearing Bonnie Strait testified that James R. Bookwalter was never her agent for service of process and she was never personally served with a copy of the writ, summons and complaint by Deputy Sheriff Gonzalez. Joanne Milardo, a secretary for Connecticut Correctional Ombudsman, Inc. testified that on February 10, 1993 Deputy Sheriff Gonzalez came to the office at Connecticut Correctional Ombudsman, Inc. and asked for Ms. Strait and Mr. Bookwalter. Ms. Milardo informed Deputy Sheriff Gonzalez that Mr. Bookwalter was in a meeting and that Ms. Strait was not in the office. The deputy sheriff then left copies of the writ, summons and complaint with Ms. Milardo. Ms. Milardo did not know what those documents were. She testified that she was not authorized to accept service for Connecticut Correctional Ombudsman, Inc., for Mr. Bookwalter, or for Ms. Strait. CT Page 9114
Connecticut General Statutes 52-57 provides in pertinent part:
 Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode.
 In actions against a private corporation, service of process shall be made either upon the president, the vice-president, an assistant vice-president, the secretary, the assistant-secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller, or the assistant teller, or its general or managing agent or manager, or upon any director resident in the state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located.
From the evidence at the hearing it appears that Ms. Milardo was not an officer of the corporation, was not in charge of the business of the corporation and was not in charge of the office of Connecticut Correctional Ombudsman, Inc. at any time, including the date of the service of process.
When a statute specifies the manner of service, unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction over the defendant upon whom service was improperly made or attempted. Hyde v. Richard, 145 Conn. 24,25, 138 A.2d 527 (1958).
From the evidence at the hearing on the motion to dismiss, it does not appear that either the Connecticut Correctional Ombudsman, Inc. or Bonnie Strait were validly served under 52-57 of the Connecticut General Statutes.
For the foregoing reasons the motion to dismiss is granted. CT Page 9115
BY THE COURT;
Aurigemma, J.