[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The motion to dismiss the above-captioned action raises the issue whether a car rental company that is sued as the lessor of an automobile may be served via the Commissioner of Motor Vehicles or the Secretary of State. Under the circumstances, the court finds that service was insufficient to confer in personam jurisdiction over the defendant.
The plaintiff, Kenneth Clough, has alleged in his complaint that he was injured as a result of the negligence of defendant Charles Brewer in operating a motor vehicle. The plaintiff alleges that the vehicle Brewer was operating was owned by Altra Auto Rental and was leased to Brewer and that the lessor is liable for the plaintiff's injuries.
The sheriff's return indicates that a deputy sheriff left a true and attested copy of the original writ, summons and complaint at the office of the Commissioner of Motor Vehicles and also served the Secretary of State "having been unable to locate agent for service for Altra Auto Rental and further sent a copy of process to Altra Auto Rental" by first class mail to a post office box in Cleveland, Ohio. CT Page 4996
No other method of service on the alleged lessor of the vehicle is set forth in the sheriff's return. At a hearing on the motion to dismiss, the lessor presented evidence to the effect that Altra Auto Rental is a trade name of Agency Rent-A-Car, Inc. and that the trade name was registered in each of the locations in which the trade name was employed in Connecticut prior to the plaintiff's attempted service of process. The lessor further produced evidence to the effect that Agency Rent-A-Car, Inc. has appointed an agent for service of process in Connecticut, specifically, CT Corporation Systems, One Connecticut Plaza, Hartford, Connecticut. The plaintiff did not dispute the truth of any of the factual assertions made by the lessor but took the position that he should be allowed to "amend" service of process. The plaintiff does not specifically state how he proposes to amend service. It appears that he seeks to have the motion to dismiss held in abeyance while he serves the lessor in the required manner.
Pursuant to Practice Book § 143, lack of jurisdiction over the person is properly raised by a motion to dismiss.
Section 52-57(c) C.G.S. provides that corporations established under the laws of a state other than Connecticut shall be served either by service upon a corporate officer or upon the agent of the corporation appointed pursuant to § 33-400 C.G.S.
While service on the secretary of state is authorized pursuant to § 33-411 C.G.S. if a foreign corporation fails to designate an agent for service, where such a designation is made § 33-411(a)(2) provides that service is to be made upon the designated agent unless that agent cannot be found at the listed address upon reasonable diligence. The sheriff's return does not indicate that any effort was made to serve the designated agent for service of process.
When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate. [Nelson v. Stop Shop Companies,] 25 Conn. App. 637,641 (1991).
Since the defendant lessor has named an agent for service, the secretary of state was not properly served as this corporation's statutory agent, and service was not in compliance with § 52-57
C.G.S.
The plaintiff has offered no support for its proposal for this CT Page 4997 court to continue to exercise jurisdiction over a party that has not been properly served. While minor defects in the form of process have been held to be curable by amendment without a loss of subject matter jurisdiction, see [Lussier v. Department ofTransportation,] 228 Conn. 343 (1994), a failure to make the statutory service required to achieve jurisdiction over the person is not amenable to such amendment. [Tarnopol v. Connecticut SitingCouncil,] 212 Conn. 157, 163 n. 8, 561 A.2d 931 (1989); [Hyde v. Richard,] 145 Conn. 24, 26, 138 A.2d 527 (1958).
The motion to dismiss filed by Altra Auto Rental is hereby granted.
Beverly J. Hodgson Judge of the Superior Court