[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 24, 1996
This is a motion to dismiss the plaintiffs complaint for lack CT Page 5012 of personal jurisdiction. The following facts are pertinent to this matter:
On February 21, 1996, the plaintiff filed a two-count complaint against the defendant, Andrew Bissett, the executor of the estate of Sophia Powell. In the complaint the plaintiff seeks compensation from the decedent's estate for overtime hours and liquidated damages. Attached to the complaint is the sheriffs return, which states that a copy of the summons and complaint was left in the hands of Bethel Ann Rooney, attorney for the executor.
On March 1, 1996, the defendant filed a notice of appearance and on March 28, 1996, the defendant filed a motion to dismiss the plaintiffs complaint. The defendant's motion was accompanied by a memorandum of law and the defendant's affidavit. The plaintiff objected to the defendant's motion and filed a memorandum of law in opposition.
On May 6, 1996, an evidentiary hearing was held and the plaintiff filed a supplemental memorandum in opposition and the defendant's attorney filed her own affidavit. Thereafter, the defendant filed a supplemental memorandum and another affidavit in response to the plaintiffs May 6th memorandum.
On May 13, 1996, prior to the ruling on the motion to dismiss, the plaintiff filed a motion to reargue and a supplemental memorandum of law.[1]
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "One who is not served with process does not have the status of a part to the proceeding . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. Earth Garden Florist, Inc., 28 Conn. App. 73,77, 609 A.2d 1057 (1992). Accordingly, a "motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 143.
The defendant argues that this court lacks personal jurisdiction because of insufficient service of process. Specifically, the defendant argues that serving the defendant's attorney was improper. The plaintiff contends that the defendant CT Page 5013 is estopped from claiming improper service because the defendant's attorney accepted service on his behalf. In support of this argument, the plaintiff submitted an affidavit from the sheriff, in which he states that Attorney Rooney informed him that she was the wrong party to be served, but that she would accept service anyway.
General Statutes § 52-57(a) states that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." "[T]here is no substitute for `in-hand' or abode service . . . where jurisdiction over the person of a resident individual is sought unless a statute provides otherwise." (Internal quotation marks omitted.) Tarnopolv. Connecticut Siting Counsel, 212 Conn. 157, 163, 561 A.2d 931
(1989).
In his affidavit and at the evidentiary hearing, the defendant stated that he is a resident of Connecticut and that his residence and usual place of abode is now, and has been for 30 years, 1111 Pequot Avenue, Southport, Connecticut.
Based on the evidence before the court, it appears that the plaintiff failed to comply with the statutory requirements for service of a Connecticut resident. Her argument that the defendant's attorney "accepted" service[2] is inapposite because § 52-57(a) does not provide for service upon an attorney or agent when personal jurisdiction of a resident is sought. See Rocco v. Melzer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323051, 15 CONN. L. RPTR. 432 (November 3, 1995) (Maiocco, J.) (holding that service on the defendant's attorney was improper).
The plaintiff also argues that Attorney Rooney was served pursuant to General Statutes § 52-57(c) which provides in relevant part that "[i]n actions against a private corporation, service of process shall be made either upon . . . the person in charge of the business or the corporation or upon any person who at the time of service is in charge of the office of the corporation in the town in which its principal office or place of business is located . . ." The plaintiff contends that Attorney Rooney was the person in charge of the business of the plaintiff's claim against the defendant, who is of counsel to a law firm. CT Page 5014
The plaintiff's argument, again, is without merit. First, this action is not against a private corporation, but against an individual. Second, even if this was an action against a corporation, Attorney Rooney's uncontradicted affidavit states that she is not employed by the defendant's law firm. Therefore, there is no evidence to support the plaintiff's argument.
Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction is granted.
MAIOCCO, J.