[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTION FORJUDGMENT OF DISMISSAL (FILE #115)
On September 30, 1996, the plaintiff, Asha Sodhi, acting pro se, filed a complaint against the defendant, Nationwide Mutual Ins. Co., which the defendant moved to dismiss on the ground that the return date was improper. On October 28, 1996, the court, Wagner, J., ordered the granting of the defendant's motion to dismiss unless the plaintiff properly amended the return date within three weeks.[1] On November 4, 1996, the plaintiff moved to amend the return date with a notarized "Certification of Service" in which the plaintiff certified that a copy of the motion and accompanying papers were sent by certified mail to the defendant's attorney. This court found that it was unclear whether the plaintiff intended this November 4, 1996 filing to serve as her complaint with an amended return date; therefore, being particularly solicitous of the rights of pro se litigants, the court allowed the plaintiff a second opportunity to correct the defective service. The court treated the plaintiff's filing as a motion for an order to amend her complaint and to correct the return date. It was ordered that "unless plaintiff properly amends the return date of her complaint in accordance with General Statutes Section 52-48, and properly serves defendant in compliance with General Statutes Section 52-50, 52-57, and 52-72, within four (4) weeks of the date hereof, the defendant's motions . . . are to be granted, dismissing this action." (Ruling Re: Motion for Order to Amend Return Date and Defendant's Objection, May 6, 1997, Mulcahy, J.) On May 13, 1997, the plaintiff served the corrected complaint upon the attorney representing the defendant corporation, who took the process under protest that he was not the corporation's agent for service.
General Statutes § 52-57 (c) provides that: "In actions against a private corporation, service of process shall be made CT Page 3654 either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-922."[2]
If the defendant qualifies as a foreign corporation, General Statutes §§ 33-926, 33-929, 38a-25, and 38a-26 are controlling.[3]
"When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v. Stop Shop Cos.,25 Conn. App. 637, 641 596 A.2d 4 (1991); see also Tarnopol v.Connecticut Siting Council, 212 Conn. 157, 163 fn. 8 (1989). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. When the particular officers or employees of a corporation upon whom service may be made are designated, service upon any other person as a representative of the corporation is inadequate to confer jurisdiction upon the court to which the process is returnable." Hyde v. Richard, 145 Conn. 24, 25-26, 138 A.2d 527
(1958). "In general . . . an attorney is not authorized by general principles of agency to accept service of original process or behalf of a client." George v. Delpo, Superior Court, judicial district of Waterbury, Docket No. 124137 (January 2, 1997, Pellegrino, J.). "Acceptance of service of process by an attorney on behalf of another person cannot be effective unless the attorney has specific authority from that person. A plaintiff has the burden of establishing that the authority to receive process exists between the defendant and the person served." Keith v. Mellick Sexton, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552399 (April 2, 1996, Wagner, J.); see also Jambor v. Bissett, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330384 (June 24, 1996, Maiocco, J.) (17 Conn. L. Rptr. 115) (the court found no merit in the plaintiff's argument that the defendant's attorney, who was not an employee in defendant's CT Page 3655 business, was in charge of the business of the plaintiff's claim against the defendant; thus, it held that the attorney was not a proper person to accept service.). The burden of proving whether the person served meets the criteria required by the statute is on the plaintiff. Nelson v. Stop Shop Cos., supra,25 Conn. App. 637, 642.
General Statutes § 52-57 (c) does not provide for service upon an attorney. There exists no statutory authority permitting the method of service attempted by the plaintiff. The plaintiff did not offer evidence indicating that the defendant specifically conferred agent status upon the attorney, served at her direction, by the sheriff. The plaintiff makes no claim of service upon the corporation's statutory agent for service or upon any person permitted to accept service pursuant to § 52-57
(c) or pursuant to § 33-929 or Sec. 38a-25, if the defendant is a foreign corporation.
General Statutes Section 52-72 authorizes the amendment of a defective return date and provides that "the amended processshall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form . . ." (Emphasis added). The purpose of the statute, enacted in 1917, "`is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction.'" Concept Associates Ltd. v. Board of Tax Review,229 Conn. 623 (1994); see also Hoxie v. Payne, 41 Conn. 539, 540
(1874) ("When the power to hear and determine a cause is wanting, as in this case [defective return date], there is no jurisdiction, and no court can pass an order creating jurisdiction for itself."). The statute authorizes amendment, "but requires service of the amended writ." Stephenson's Connecticut Civil Procedure, (3rd Ed. 1997) Sec. 62, p. 205-06. The amendment of an incorrect return date is not merely a rectification of a "minor defect" in the writ, and therefore, it requires new service of process. Hartford National Bank TrustCo. v. Tucker, 178 Conn. 472, 478-79 (1979). While Section 52-72
is clearly a remedial enactment, and "`must be liberally construed in favor of those whom the legislature intended to benefit'"; Concept Associates, Ltd. v. Board of Tax Review, supra229 Conn. 618, 623; Galluzzo v. Board of Tax, 44 Conn. Sup. 39
(1995); it nevertheless is evident that "new service of the amended writ", to be "served in the same manner as other civil process", requires service in compliance with the statutory provisions governing valid service of civil process.[4]
CT Page 3656
The court conducted an evidentiary hearing on this motion; on the record established, it is clear that the plaintiff did not comply with the statutes dealing with service of process on corporate defendants. The testimony of the sheriff indicated that he informed the plaintiff that the defendant's attorney was not the proper agent for service of process.[5] "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." Zanoni v. Hudon,42 Conn. App. 70, 77, 678 A.2d 12 (1996).
The court recognizes the burdensome consequences the granting of this motion will have for this plaintiff; and, it is distressing to enter a ruling having the effect of curtailing an individual's court access on technical grounds raised by a corporate defendant. However, the pro se plaintiff in this case has been given considerable latitude and instruction by the court and, notwithstanding prior opportunities, still has not complied as directed. Since, for the reasons stated herein, it is the court's view that the grounds asserted in support of the motion to dismiss are sound, the motion is hereby granted.
Mulcahy, J.