[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on the defendant's motion to dismiss the case on the ground of improper service and the plaintiff's motion to cite in the defendant in the interest of judicial economy.
After a hearing in damages, judgment on default was entered against the defendant, William Avery, doing business as Gas Tech Company, on November 4, 1998, by the court, Kremski, J. On March 2, 1999, the defendant filed a motion to reopen and set aside the judgment and dismiss the case (#109). Along with the motion the defendant filed a memorandum of law and his affidavit averring he never received service of process. On March 29, 1999, the court, Graham, J., reopened the judgment and reclaimed the motion for dismissal as arguable. The plaintiff, Fleet National Bank, filed a motion to cite in the defendant (#114) on April 10, 2000. On May 4, 2000, the plaintiff filed an objection to the defendant's motion to dismiss (#116). The defendant filed an objection to the motion to cite in on April 24, 2000 (#115).[1] The court heard oral argument on June 12, 2000 regarding these two motions and now issues this memorandum of decision.
 DISCUSSION
A motion to dismiss shall be used to assert insufficiency of service of process. See Practice Book § 10-31(a)(5). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." CT Page 13348 (Internal quotation marks omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 539 (1997).
The defendant moves to dismiss the case on the ground that he was never properly served. The defendant argues that the summons and complaint were not served in accordance with General Statutes §§ 52-54 and 52-57, which is to say either by serving the defendant in hand or at his usual place of abode. The defendant avers that contrary to the sheriff's return, he was never served under either method. (See Avery's affidavit, February 25, 1999, ¶¶ 6, 7.) The plaintiff fails to dispute these averments. In its opposition memorandum, the plaintiff fails to address the issue of service or to dispute the information contained in the defendant's affidavit. Rather, the plaintiff notes that since the defendant filed his motion to dismiss, it has moved to cite in the defendant and argues that granting the motion to dismiss will promote form over substance because it will only create two files.
"Valid service is necessary to give the court jurisdiction of [the] person." White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14,16-17, 437 A.2d 833 (1980). "[T]here is no substitute for "in hand'. or abode service . . . where jurisdiction over the person of a resident individual is sought unless a statute provides otherwise." (Internal quotation marks omitted.) Tarnopol v. Connecticut Sitting Council,212 Conn. 157, 163, 561 A.2d 931 (1989); see also Hyde v. Richard,145 Conn. 24, 25, 138 A.2d 527 (1958) ("[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction").
Looking to the record accompanying the motion to dismiss, including the defendant's uncontested affidavit; see Malasky v. Metal Products Corp.,
supra, 44 Conn. App. 451-52; it is undisputed that the defendant was not properly served. Also, the plaintiff in its motion to cite in the defendant admits that the defendant was not properly served. Accordingly, the defendant's motion to dismiss the case is hereby granted and the judgment on default rendered against the defendant is hereby reversed.
At issue then is the effect of the dismissal on the plaintiff's motion to cite in the defendant.
The plaintiff moves to cite in the defendant to the action pursuant to Practice Book § 9-22.[2] In objection, the defendant argues that with the defect of service being the basis for the motion to dismiss, the motion to cite in should be denied. Further, the defendant argues that the proper remedy would be for the plaintiff to start suit with proper CT Page 13349 service on the defendant.
It is clear that the improper service in this case is a substantial defect which cannot be cured by a motion to cite in the defendant unless waived by the defendant. There has been no such waiver by the defendant. The court finds that the plaintiff, if able, should instead commence a new action in which the defendant should be properly served. See MilfordHospital v. Ukeles, Superior Court, judicial district of Ansonia-Milford, at Milford, Docket No. 035942 (June 17, 1992, McGrath,J.) (denying plaintiff's motion to amend the return date in light of the court having granted the defendant's motion to dismiss for insufficiency of process and service of process). Accordingly, the plaintiff's motion to cite in the defendant is denied.
 CONCLUSION
As discussed herein, the court grants the defendant's motion to dismiss and denies the plaintiff's motion to cite in the defendant.
BY THE COURT Hon. Andre M. Kocay, J.