CONVALESCENT CENTER OF BLOOMFIELD ET AL. *v.* DEPARTMENT OF INCOME MAINTENANCE ET AL.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE No. 506205
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed June 3, 1993

*Wiggin & Dana,* for the plaintiffs.

*Richard J. Lynch* and *Arnold I. Menchel,* assistant attorneys general, and *Richard Blumenthal,* attorney general, for the defendants.

MALONEY, J. The plaintiffs bring this action to request the appointment of an arbitration panel pursuant to General Statutes § 17-311 (b). The defendants

move to dismiss on the basis that the action is untimely under the provisions of § 17-311-108 of the Regulations of Connecticut State Agencies. The court finds the issues in favor of the defendants.

The plaintiffs are Connecticut corporations that operate licensed skilled nursing homes in Bloomfield and Rocky Hill. Pursuant to state and federal statutes and regulations, the defendants, the commissioner of income maintenance (commissioner) and the department of income maintenance (department) establish the rates to be paid to a nursing home for providing services to indigent patients under title XIX of the Social Security Act (medicaid). A component of those rates is certain rental expenses incurred by the nursing home.

On various dates during 1990, the department held hearings on the plaintiffs' claims disputing the rates established for the period October 1, 1980, to September 30, 1981, in particular their claim that the department erroneously excluded certain rental expenses. These hearings, designated "rehearings," were held pursuant to § 17-311 (b).

On November 27, 1991, the commissioner issued her final decision rejecting the plaintiffs' claims. On January 10, 1992, the plaintiffs filed this action. This was on the forty-fourth day after the issuance of the decision.

The statutory framework for the arbitration procedure that the plaintiffs seek in the present action is found in § 17-311 (b). Section 17-311 (b) provides that "items not resolved at [the] rehearing to the satisfaction of such institution or agency and said commissioner shall be submitted to binding arbitration to an arbitration board consisting of one member appointed by the institution or agency, one member appointed by the commissioner and one member appointed by the chief court administrator from among the retired judges of

the superior court . . . . The proceedings of the arbitration board and any decisions rendered by such board shall be conducted in accordance with the provisions of the Social Security Act . . . and chapter 54."

In connection with § 17-311 (b), the department promulgated regulations, which were duly adopted pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. Section 17-311-108 of the Regulations of Connecticut State Agencies sets forth the procedure for initiating arbitration, including invoking the necessary jurisdiction of the chief court administrator, and requires that the request be filed in this court. The applicable provision of the regulation provides in part as follows: "Proceedings for arbitration shall be instituted by filing a request for arbitration in the form of a pleading as prescribed by applicable provisions of the Connecticut Practice Book and the Connecticut General Statutes *within thirty days after the mailing of the notice of the final decision of the commissioner . . . .*" (Emphasis added.)

"[V]alidly enacted regulations of an administrative agency carry the force of statutory law." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 497, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986).

Appeals to the court from administrative agencies exist only under statutory authority, and strict compliance with the applicable statutory provisions is required. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 163–64, 561 A.2d 931 (1989). The failure to file such an appeal within the time prescribed by statute renders the appeal invalid and deprives the court of jurisdiction to hear it. *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 489 A.2d 368 (1985). Since the arbitration procedure under review in this case, including the request filed in this

court, is created by statute and regulation, it follows that strict compliance with those statutes and regulations is likewise required. *Coccomo* v. *Committee on State Payments*, Superior Court, judicial district of Hartford, Docket No. 220676 (October 19, 1979).

The plaintiffs do not dispute the fact that they did not file their request for arbitration within thirty days after the mailing of the commissioner's decision. Rather, the plaintiffs argue that the forty-five day time limit set forth in § 4-183 of chapter 54, the Uniform Administrative Procedure Act, applies to their filing, not the thirty day limit in § 17-311-108 of the regulations. In support of their argument, they cite the reference to chapter 54 in § 17-311 (b). This argument cannot be sustained. Section 17-311 (b) provides only that the "proceedings" and the "decisions" of the arbitration board are governed by chapter 54. The procedure in question here is neither a "proceeding" nor a "decision" of the arbitration board but, rather, it is the preliminary procedure for the filing in Superior Court of the request for the creation of an arbitration board. That procedure is very plainly governed by § 17-311-108 of the regulations, which establishes the thirty day time limit. It is not governed by chapter 54.

For all of the above reasons, the court concludes that the plaintiffs failed to meet the time deadline for filing this action, as prescribed by a validly enacted regulation. Accordingly, the court lacks jurisdiction in the present case. The defendants' motion to dismiss is, therefore, granted.