[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
In this case, plaintiff, Hector F. Bernier (Bernier), appeals from a decision of the Commissioner of Health Services (Commissioner). According to the complaint, the facts are as follows.
On March 21, 1994, Bernier received a notice of violation from the Director of Health for the City of Norwich regarding toxic levels of lead which allegedly existed at property owned by Bernier at 474 Norwich Avenue, in the Town of Taftville. Pursuant to statutes and regulations, Bernier was ordered to remove, abate, or otherwise correct the violation. The violation notice informed Bernier of his right to appeal under General Statutes § 19a-229 which authorizes an appeal to the Commissioner of Heath [Health] Services within 48 hours of receiving the violation notice. On March 23, 1994, Bernier gave the Commissioner telephone notice of his intent to appeal, and allegedly confirmed the oral notice by a letter dated and mailed on March 30, 1994. The Commissioner acknowledged receipt of the letter on April 6, 1994.
On June 2, 1994, the Commissioner issued a decision CT Page 10969 dismissing Bernier's appeal on the ground that Bernier had not complied "with the regulation requiring a written appeal to be filed within seven (7) days of the issuance of the Order." (Record, p. 11). According to the Commissioner's decision, Bernier's letter was not filed until April 5, 1995. Thereafter, Bernier filed a request for reconsideration which was granted by the Commissioner. After reconsideration, the Commissioner affirmed the order, and dismissed the appeal.
Bernier now claims that the Commissioner acted illegally, arbitrarily, and in abuse of discretion, and thus challenges the decision of the Commissioner dismissing his appeal pursuant to General Statutes § 4-183.
By a motion filed with the court on November 17, 1994, the Commissioner moved to dismiss the appeal of the Commissioner's decision in this court on the ground that the court lacks subject matter jurisdiction. Specifically, the Commissioner claims that General Statutes § 19a-229 does not require the Commissioner to hold a hearing for violation of public health laws, and thus asserts that the current appeal is not an appeal of a "contested case" as required by the Uniform Administrative Procedures Act. In opposition to the motion to dismiss, Bernier asserts that the court has subject matter jurisdiction under 4-166 (3)(C) because he is appealing from "an agency decision made after reconsideration.
DISCUSSION
"Judicial review of an administrative decision is a creature of statute." Summit Hydropower Partnership v.Commissioner of Environmental Protection, 226 Conn. 792, 799,629 A.2d 367 (1993). Under General Statutes § 4-183(a), "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." Thus, our Supreme Court has consistently held that "the Superior Court has jurisdiction only over appeals from a `final decision' of an administrative agency." Derwin v.State Employees Retirement Commission, 234 Conn. 411, 418, ___ A.2d ___ (1995). General Statutes § 4-166(3) defines final decision as "(A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or CT Page 10970 intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration."
Because the plaintiff asked and was granted a motion for reconsideration which affirmed the Commissioner's earlier decision to dismiss the appeal as untimely, Bernier now claims that this court had jurisdiction to hear this appeal under General Statutes § 4-166(3)(C).
Plaintiffs interpretation of the statute, however, is misplaced. In interpreting § 4-166(3)(C), the our Supreme Court has noted that:
 § 4-166(3)(C) was not intended to create a new category of appealable decisions for noncontested cases but, rather, to clarify that a party in a contested case may appeal either from a final decision of an agency under § 4-166 (3)(A) or from an agency decision rendered after reconsideration pursuant to 4-181a.
(Emphasis in original.) Derwin v. State EmployeesRetirement Commission, supra, 234 Conn. 422-423.
"A `contested case' is defined in § 4-166(2) as `a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . .'" (Emphasis in original.)Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 800.
The plaintiff appealed the decision of the Commissioner's order under General Statutes § 19a-229 which states:
 Any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the commissioner of public health and addiction, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order.
Under this statute, Bernier has no statutory right to a hearing from the Commissioner.[1] "We have determined that even CT Page 10971 in a case where a hearing is `in fact held,' in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his `legal rights, duties, or privileges' determined by that agency holding the hearing. . . . In the instance where no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination." Summit PowerPartnership v. Commissioner of Environmental Protection,
supra, 226 Conn. 800.
Thus, based on the rationale of Summit Power, supra, andDerwin, supra, this court finds that it lacks subject matter jurisdiction. Bernier can not rely on 4-166(3)(C) because he is not appealing from a final order in a contested case.
Bernier also asserts that state and federal constitutional grounds of due process mandate that a hearing be held under 19-229 even if the statute itself does not require it. The court need not address this issue, however, because the record reflects that Bernier's appeal was untimely. "The failure to file . . . an appeal within the time prescribed by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Convalescent Center ofBloomfield v. Department of Income Maintenance, 42 Conn. Sup. 558,560, 632 A.2d 57 (1993). § 19a-229 requires that a person aggrieved by an order of the Commissioner notify the same within 48 hours after receiving an order. Bernier's order was dated March 21, 1994, and he subsequently notified the Commissioner via telephone of his intent to appeal the order on March 23, 1994. Under Connecticut Regulations § 19-2a-34(d), "telephonic communication of a notice of appeal to the office of the commissioner shall be satisfactory as an initial notice of appeal provided written confirmation from the person claiming to be aggrieved is received by the department within seven days of the oral notice." Thus, by this regulation, Bernier's written confirmation of the intent to appeal had to be received by the Commission on March 30, 1994. The record reflects, however, that Bernier's letter was stamped on April 5, 1994. It thus was untimely.
Bernier's attorney in this case, Joseph E. Moukawsher, avers that on March 23, 1994, he spoke with a supervisor in the Commissioner's office who recorded the oral request for appeal, and allegedly told Attorney Moukawsher, that his written confirmation must be in by April 4, 1994. The CT Page 10972 Commissioner's own intake form, filled out by the supervisor, suggests this was the case because a hand written margin entry next to a section describing the requirements of a written notice bears the date of "4/4/94." (Record, p. 21). The court does not doubt the accuracy of these representations and takes them a true. The record, however, also reveals that even under these erroneous instructions, the Commissioner still received the confirmation letter one day late on April 5, 1994. (Record, p. 20).
CONCLUSION
For the above stated reasons, the defendant's motion to dismiss is granted.
Hurley, J.