MICHAEL TARNOPOL ET AL. *v.* CONNECTICUT
SITING COUNCIL ET AL.
(13656)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued May 11—decision released July 18, 1989

*Alan R. Spirer,* with whom, on the brief, was *Jan A. Marcus,* for the appellants (plaintiffs).

*Phyllis E. Lemell,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, and *Joseph I. Lieberman,* former attorney general, for the appellee (named defendant).

*James A. Wade,* with whom, on the brief, was *Raymond T. DeMeo,* for the appellee (defendant Metro Mobile CTS of Fairfield County, Inc.).

CALLAHAN, J. The issue in this case is whether the trial court erred in granting the motions of the defendants, Metro Mobile CTS of Fairfield County, Inc. (Metro Mobile), and the Connecticut siting council (council), to

dismiss the plaintiffs' administrative appeal for lack of jurisdiction. Because the plaintiffs failed to comply with the service requirements of General Statutes § 4-183 (b)[1] of the Uniform Administrative Procedure Act (UAPA), we conclude that the trial court lacked jurisdiction over the plaintiffs' appeal and, therefore, did not err in granting the defendants' motions to dismiss.

On October 20, 1987, Metro Mobile, a Connecticut corporation, applied to the council[2] pursuant to the Connecticut Public Utility Environmental Standards Act[3] for a certificate of environmental compatibility and public need (certificate) that would allow it to construct, operate and maintain cellular telephone antenna towers and related equipment at designated sites in Greenwich, Fairfield and Wilton. In December, 1987, the council gave notice of its intention to hold public hearings on Metro Mobile's application; General Statutes § 16-50m (c); and received written comments from the Connecticut department of environmental protection on Metro

---

[1] General Statutes (Rev. to 1987) § 4-183 (b) provides: "APPEAL TO SUPERIOR COURT. . . .

"(b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

[2] The council is an agency of the state of Connecticut with exclusive jurisdiction over the location and type of certain statutorily defined utility and telecommunications facilities. See General Statutes §§ 16-50x and 16-50i (a).

[3] General Statutes (Rev. to 1987) § 16-50g et seq.

Mobile's application as required by General Statutes § 16-50j (g). Hearings were held on Metro Mobile's application on December 14, 1987, and December 21, 1987. On February 19, 1988, the council sent notice to all parties of record informing them that it had granted Metro Mobile a certificate for two sites, one in Greenwich and the other in Fairfield. See General Statutes § 16-50p. The Greenwich site is the subject of the present appeal.

On February 26, 1988, the plaintiffs, Michael and Lynne Tarnopol,[4] filed a petition for judicial review in the Superior Court claiming that they were "aggrieved by the decision of the defendant council in that the value of their property [which abuts the site approved by the council, would] be diminished, and in that the proposed tower [would] have a visual impact on their property and [would] impair the use and enjoyment of their property." The plaintiffs' petition was accompanied by an order of notice, signed by an assistant clerk of the court, purportedly approving service of process by certified mail on the council and the thirty-one parties who participated in the administrative hearing. The parties who were listed in the order were individuals, private and municipal corporations and voluntary associations, all of which resided in or had agents located in Connecticut.

On April 7, 1988, the council and Metro Mobile filed separate motions to dismiss claiming that the Superior Court lacked jurisdiction to hear the plaintiffs' appeal because they had not complied with the service requirements of § 4-183 (b). On June 1, 1988, the trial court granted both motions. The plaintiffs appealed to the Appellate Court from the judgment of the trial court.

---

[4] The plaintiffs intervened in the administrative proceedings before the defendant council by filing a verified notice of intervention pursuant to the provisions of General Statutes § 22a-19.

We subsequently transferred the appeal to ourselves, pursuant to Practice Book § 4023.[5]

The plaintiffs claim on appeal that the trial court erred in granting the defendants' motions to dismiss because service of process by certified mail on the council and each of the parties listed in the order of notice was proper under the UAPA. We disagree.

Judicial review of orders issued by the council either granting or denying applications for certificates is governed by General Statutes § 16-50q, which provides that appeals must be filed "in accordance with the provisions of section 4-183." General Statutes § 4-183, which is part of the UAPA, establishes the method for commencing appeals from administrative agencies. Subsection (b) of § 4-183 governs the service of process in such appeals and states in relevant part that "[c]opies of the petition *shall be served* upon the agency and all parties of record within thirty days after mailing of [the] notice [of the final decision of the agency]." (Emphasis added.) "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes § 52-57 (a).[6] The person to whom in hand or abode service must be made when an entity such as a municipality, corporation or voluntary association is named as a defendant in a civil action is set forth in § 52-57 (b) through (e). The only exception to in hand or abode service on defendants that reside in or have agents located in Connecticut, is specifically set out in § 4-183 (b) and

---

[5] In a motion dated August 23, 1988, the plaintiffs moved for an articulation of the trial court's decision. The motion, however, did not come to the trial court's attention until some time later. On May 2, 1989, the trial court granted the plaintiffs' motion and issued an articulation.

[6] The exceptions noted in the statute would not permit service by certified mail in this case.

allows parties appealing from an administrative decision to make service on the defendant agency by "mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."[7]

As previously noted, the UAPA requires that the agency *and* "all parties of record" be served. General Statutes § 4-183 (b). A "party" is defined under the UAPA as "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." General Statutes § 4-166 (5). In the present case, therefore, all of the parties who were named or admitted as parties in the administrative proceeding were "parties of record" whom the plaintiffs were obliged to serve in bringing their appeal. See *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 533 A.2d 852 (1987). The plaintiffs' failure to serve those parties properly renders their appeal subject to dismissal for lack of jurisdiction. Id., 332.

The plaintiffs' application for an order of notice in the present case indicates that all of the parties of record were individuals who resided in Connecticut or were municipalities, corporations or voluntary organizations having in-state agents. With the exception of the council, which is an agency qualifying for service

---

[7] The plaintiffs urge us to look to Public Acts 1988, No. 88-317, as "a clarification of the legislative intent" of General Statutes § 4-183 (b). Public Acts 1988, No. 88-317, § 23, however, completely rewrites § 4-183 (b). For example, under the new act service may be made on parties by notifying them, by either certified mail or personal service, "at the address shown in the decision" of the agency. Public Acts 1988, No. 88-317, § 23 (c). Such a drastic change in the method of service of process cannot be viewed as a mere clarification of legislative intent. Because Public Acts 1988, No. 88-317, does not become effective until July 1, 1989, it has no bearing on the present appeal.

by certified mail, therefore, it was incumbent upon the plaintiffs under §§ 4-183 (b), 52-54 and 52-57 to make in hand or abode service on each of the remaining parties. The plaintiffs did not do so. Rather, they served each party, or the party's attorney,[8] by certified mail. This was improper as "[t]here is no substitute for 'in hand' or abode service . . . where jurisdiction over the person of a resident individual is sought" unless a statute provides otherwise. *White-Bowman Plumbing & Heating, Inc.* v. *Biafore,* 182 Conn. 14, 16–17, 437 A.2d 833 (1980). Because the "appeal provisions of the statute are jurisdictional in nature"; *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985); the plaintiffs' failure to comply with §§ 4-183 (b), 52-54 and 52-57 renders their appeal subject to dismissal for want of jurisdiction. *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 73, 540 A.2d 59 (1988) (*Shea, J.,* concurring); *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986) ("We note at the outset that appeals from administrative agencies exist only under statutory authority. *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982). 'A

---

[8] Of the thirty-one parties named in the order, the plaintiffs requested that sixteen of them, including Metro Mobile, be served in the care of their attorneys. General Statutes § 4-183 (b) requires that a party instituting an administrative appeal serve copies of the petition on all parties of record. An attorney does not qualify as a party under the UAPA. See General Statutes § 4-166 (5).

When the person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate. *Hyde* v. *Richard,* 145 Conn. 24, 25–26, 138 A.2d 527 (1958). This defect cannot be cured by an amended service. Id. The plaintiffs in the present case were required to serve the individual defendants personally or at their place of abode; General Statutes § 52-57 (a); the clerk, chief presiding officer or managing agent of the defendant municipalities; General Statutes § 52-57 (b) (5); and one of several statutorily designated officers or agents of the defendant corporations and voluntary organizations. General Statutes § 52-57 (c) and (e).

statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' Id."); *Basilicato* v. *Department of Public Utility Control,* supra.

The plaintiffs argue, however, that service of process by certified mail was authorized in this case because they had obtained an order of notice from an assistant clerk. According to the plaintiffs, that order of notice validated what was otherwise a statutorily defective manner of service thereby conferring jurisdiction on the court to hear their appeal. We disagree. Pursuant to General Statutes § 52-68 (a),[9] an order of notice may be utilized as an alternative means of service only "when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding." In the present case, it is evident from the record that all of the adverse and interested parties resided in, or had agents located in, Connecticut. Furthermore, the names and addresses of the parties were known or easily available to the plaintiffs. Under the circumstances, therefore, the plaintiffs' use of an order of notice was improper.

[9] "[General Statutes] Sec. 52-68. NOTICE TO NONRESIDENT ADVERSE OR INTERESTED PARTIES AND INTERESTED PARTIES UNKNOWN TO PLAINTIFF. (a) The superior court, and the judges, clerks and assistant clerks thereof, may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pending in the superior court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding.

"(b) Such notice, having been given and proved by the affidavit of the officer who served the notice or by other competent evidence, shall be deemed sufficient service and notice, and the court may proceed to a hearing, unless otherwise provided by law, or may order further notice as it deems reasonable."

The plaintiffs contend, however, that the trial court sanctioned service of process by certified mail when it signed their application for an order of notice. This being so, the plaintiffs argue that the court cannot thereafter claim that it lacks jurisdiction to hear their appeal. In rejecting this argument, we note that it was an assistant clerk and not the trial court that signed the order of notice. That practice is authorized under Practice Book § 199.[10] The assistant clerk cannot, however, be held responsible for ensuring that the plaintiffs employ the proper method of service of process. While the trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, "the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." *Basilicato* v. *Department of Public Utility Control,* supra, 324.[11]

Finally, the plaintiffs claim that "[t]he absence of an affirmative showing of prejudice by the defendants . . . means that [their] arguments [in support of the trial court's dismissal of the appeal] are mere rubric which should have been rejected out of hand by the trial court in the interests of common sense and justice." In support of this argument the plaintiffs rely on *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra. In that case we held that the trial

---

[10] "[Practice Book] Sec. 199. APPLICATIONS FOR ORDERS OF NOTICE

"Applications for orders of notice, whether made to a court, a judge, a clerk, or an assistant clerk, shall be made in writing, shall state the residence of the party whom the notice is sought to reach or that all reasonable efforts have been made to ascertain the residence and have failed, and shall further state what notice is considered most likely to come to the attention of such person, with the reasons therefor, unless they are evident; and such applications shall become a part of the file of the case."

[11] In light of our refusal to exempt pro se litigants from satisfying the statutory requirements for administrative appeals; *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 497 A.2d 48 (1985); the plaintiffs cannot credibly argue that they, who were represented by counsel, should be excused from following proper procedure.

court did not err in exercising jurisdiction over the plaintiff's appeal from the decision of the commission on human rights and opportunities where the plaintiff had commenced its appeal with the proper method of service but had used the wrong writ of summons form. Id., 355–57. In so holding, we stated that whenever there is a question involving the jurisdiction of the trial court in an administrative appeal, it is imperative that the plaintiff strictly comply with the procedural statutes. Id., 356. Failure to do so renders the plaintiff's appeal subject to dismissal. Since the plaintiff's use of an incorrect writ of summons form in *Chestnut Realty, Inc.,* did "not call into question the jurisdiction of the Superior Court to entertain the appeal," however, we concluded that it did not warrant dismissal as the defendants did not make "an affirmative showing of prejudice." Id., 357. In contrast to *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra, the plaintiffs' failure in the instant case to make proper service on all of the parties of record did call into question the jurisdiction of the trial court. Consequently, the plaintiffs' failure to comply with the requirements of § 4-183 (b) renders their appeal subject to dismissal regardless of whether the defendants were prejudiced. See *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* supra, 74–75 (*Shea, J.,* concurring).

We conclude that because the plaintiffs failed to comply with § 4-183 (b), the trial court did not err in granting the defendants' motions to dismiss their appeal for lack of jurisdiction.

There is no error.

In this opinion the other justices concurred.