[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff appeals a decision of the defendant Commission on Human Rights and Opportunities (CHRO) which dismissed the plaintiff's complaint of racial discrimination against the Town of West Hartford and its Department of Physical Services. The CHRO moves to dismiss the appeal on numerous grounds.
The plaintiff commenced the underlying administrative proceeding in this case when he filed a complaint with the CHRO on May 12, 1988, alleging that the Town and its Department of Physical Services discriminated against Asians in the enforcement of zoning laws, building codes and other ordinances. After a lengthy investigation, the CHRO dismissed the complaint on September 10, 1992. On September 22, 1992, the plaintiff requested the CHRO to reconsider its decision. On March 12, 1993, the CHRO denied the request to reconsider.
On April 9, 1993, the plaintiff initiated this appeal by mailing a copy by certified mail to the CHRO, which received it on April 13. The plaintiff also mailed, on April 9, a copy by certified mail to the Town, addressed to the "Corporation Councels Office, Marjorie Wilder, Esq". This was received in Attorney Wilder's office on April 12, 1993. Subsequently, on April 21, the plaintiff filed the appeal in this court.
The Town and its Department of Physical Services were unquestionably parties of record in the administrative proceeding. Indeed, the plaintiff named them specifically and CT Page 9116 repeatedly as the respondents in the written complaint that he filed with the CHRO.
The CHRO motion to dismiss is based, inter alia, on its contention that the plaintiff failed to properly serve the Town and its Department of Physical Services. Resolution of that issue requires an analysis of the applicable statute. Since the agency proceedings in this case commenced in 1988 the Uniform Administrative Procedure Act (UAPA) that was in effect prior to the July 1, 1989, amendments is applicable. Section 4-183(b) of that Act reads, in pertinent part, as follows:
 . . . Copies of the petition (of appeal} shall be served on the agency and all parties of record . . . within thirty days after mailing of the notice of the decision (on a request for reconsideration) except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford (emphasis added).
Section 4-166(1) of the UAPA makes clear that "agency" means only a state agency and that neither the Town nor its Department of Physical Services is an "agency" within the meaning of 4-183.
The service of process requirements of 4-183 are mandatory and strict compliance is required in order to obtain jurisdiction of this court over the appeal. This is so regardless of whether a defendant is prejudiced. Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 166 (1989). The applicable provisions of 4-183(b), cited above in the pre-July 1, 1989, revision, required that the plaintiff personally serve the Town and its Department of Physical Services in accordance with 52-57(a); that is, normal civil process. Service on these parties by certified or registered mail was not adequate service. Id., 161. For this reason, the court lacks subject matter jurisdiction. Id. 162.
The CHRO's motion to dismiss is granted. CT Page 9117
Maloney, J.