[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Garry Klinger appeals a decision of the defendant real estate commission revoking his real estate salesperson's license and denying his application for a real estate broker's license. The commission acted pursuant to General Statutes §20-320. The plaintiff appeals pursuant to §§ 20-322 and 4-183. The court finds the issues in favor of the defendant commission.
The facts essential to the court's decision are not in dispute and are fully reflected in the record of the administrative proceedings in this case. Prior to September 30, 1991, the plaintiff held a real estate salesperson's license issued by the commission. At some point during 1991, the plaintiff applied to the commission for a real estate broker's license.
On August 9, 1991, the commission sent the plaintiff a notice that it would conduct a hearing on his application for a broker's license. The notice did not mention any potential revocation of CT Page 9532 the plaintiff's salesperson's license. In the notice, the commission alleged that the plaintiff had violated General Statutes § 20-320 by making misrepresentations on previous applications for his salesperson's license, specifically that he failed to reveal prior convictions of crimes. The notice also contained allegations that the plaintiff failed on two occasions to comply with § 20-320 in that he transferred his employment as a salesman to different brokers without registering the transfers with the commission as required by the statute.
At the hearing, the plaintiff appeared pro se and testified. Also in evidence were his applications for licenses and the records of prior convictions.
On September 30, 1991, the commission rendered a decision in which it found that the plaintiff had violated § 20-320 as alleged in the notice of hearing. Based on those findings, the commission issued an order (1) revoking the plaintiff's salesperson's license and (2) denying his application for a broker's license.
On October 3, 1991, the plaintiff filed with the commission a petition for reconsideration of its decision, referring specifically to General Statutes § 4-181a.
On November 13, 1991, the commission notified the plaintiff that it would reconsider its earlier decision and that it would conduct a new hearing on the case. In the notice, the commission repeated the allegations contained in the notice of the previous hearing. In this notice of the new hearing, the commission stated that it would consider the application for the broker's license and that it would also consider the continuance of his salesperson's license.
On November 14, 1991, the plaintiff filed in the Superior Court at New Haven an appeal of the commission's September 30, 1991 decision. It is that appeal which is presently before the court for decision.
While the present appeal was pending, the plaintiff appeared at the new hearing on January 9, 1992, represented by counsel, and testified. The significant new evidence introduced at this hearing consisted of that testimony, given with the assistance of counsel. CT Page 9533
On February 6, 1992, the commission rendered its decision after the hearing to reconsider. In the new decision, the commission repeated the findings made in the earlier decision and added the finding that the plaintiff had violated General Statutes § 20-325(a) in that he had engaged in the real estate business without being licensed either as a salesperson or broker. Based on those findings, the commission issued a new order revoking the salesperson's license, denying the application for a broker's license, and imposing a civil fine of $1000.00.
The plaintiff never appealed the decision of February 6, 1992, rendered after reconsideration. As noted, the only appeal presently before the court is that which the plaintiff brought with respect to the commission's initial decision of September 30, 1991.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). The plaintiff's appeal in this case is governed by the provisions of General Statutes § 4-183 That statute provides only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. Subsection (a) of § 4-183 provides that a person may appeal only a "final decision." Section 4-166(3) defines a "final decision" as follows:
 (A) the agency determination in a contested case, (B) a declaratory ruling issued by the agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration.
The jurisdictional question raised by these statutory provisions is whether the commission's September 30, 1991 decision was a "final decision" and thus appealable to this court under § 4-183(a). The court concludes that it was not.
The critical factors in the court's conclusion are that the plaintiff requested the commission to reconsider the earlier decision prior to appealing it to this court and that the CT Page 9534 commission granted the request, held an additional hearing and rendered a new decision.
If the commission had not taken those actions, its earlier September 30 decision would unquestionably have been "the agency determination in a contested case" and thus a "final decision." But its reconsideration of that decision and issuance of a new decision, at the plaintiff's request, deprived the earlier decision of the finality that is a necessary ingredient in the definition of the term.
The new decision was, of course, "an agency decision made after reconsideration" and was, therefore, itself a "final decision" and appealable as such. That is another reason for concluding that the earlier decision was not final so as to permit an appeal under § 4-183(a). If the September 30 decision were considered to be a final decision, then the commission would have rendered two different "final" decisions in the same case, a conceptual and legal impossibility. When an administrative agency renders a decision after reconsideration in accordance with § 4-181a, that decision becomes the final decision for purposes of appeals brought under § 4-183. The original decision that was the subject of the reconsideration may be incorporated in whole or in part in the new decision, but the original decision is not the final decision in such a case.
Because the September 30, 1991 decision of the commission, which is the only subject of this appeal, was not a "final decision" within the meaning of General Statutes § 4-183(a), the court lacks jurisdiction under that statute. For that reason, the appeal must be dismissed.
The appeal is dismissed.
MALONEY, J.