[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff David Dressler appeals the decision of the defendant director of the bureau of rehabilitation services denying his request for a post-secondary campus-based vocational program outside the state of Connecticut. The plaintiff appeals pursuant to General Statutes § 4-183. The court concludes that it lacks jurisdiction over the appeal.
On December 19, 1994, this court denied the defendants' motion to dismiss without issuing a memorandum of decision. In their brief to the court on the merits of the plaintiff's appeal, however, the defendants renew their argument that the court lacks subject matter jurisdiction, citing Summit HydropowerPartnership v. Commissioner of Environmental Protection,226 Conn. 792 (1993). At oral argument, the defendants also called the court's attention to Toise v. Rowe, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV94 053 54 03 (15 Conn. L Rptr. No. 1, 31, Oct. 9, 1995, Norko, J.). A claim that the court lacks subject matter jurisdiction may be raised at any time, Practice Book § 145, and the court's prior ruling on this issue does not preclude it from reconsidering it.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right.Tarnopol v. Connecticut Siting Council, 212 Conn. 157,163-164 (1989). General Statutes §§ 4-166 and 4-183
provide only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal CT Page 11663 only a "final decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case," as defined in § 4-166, is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." A person "does not have a right to appeal unless the (agency) was statutorily required to determine the (person's) legal right or privilege in a hearing or after an opportunity for a hearing." Summit Hydropower Partnership v. Commissionerof Environmental Protection, supra, 226 Conn. 802.
In Toise v. Rowe, supra, the court confronted the, identical jurisdictional issue that is presented in this case. In Toise v. Rowe, in a thorough and well reasoned opinion, the court held that no state statute requires that the defendant bureau hold a hearing on an application for rehabilitation services such as are the subject of this appeal.[1] The court agrees with the reasoning of the Toise court in that regard.
The plaintiff argues that even if state statutes did not require a hearing in this case, section 102(d) of the federal Rehabilitation Act of 1973 required that the defendant director of the bureau of rehabilitation services hold a hearing in the case of a person whose application for benefits has been rejected.
In Summit Hydropower, supra, 226 Conn. 803, n. 14, our Supreme Court expressly did not rule on the issue whether a hearing mandated by federal statute creates a "contested case" under the Connecticut Uniform Administrative Procedure Act. However, as the defendants point out, if a federal statute were so construed, the federal statute would in effect determine the jurisdiction of state courts under the state administrative procedure statutes. If a federal statute is to be interpreted as having such a far reaching and powerful effect on state court jurisdiction, it must at least be explicit on the point. The federal statute at issue in this case does not require, directly or indirectly, that the state provide appellate review of decisions of the defendant director of the bureau of rehabilitative services. Again, this court agrees with CT Page 11664 the reasoning of Toise v. Rowe, supra, 15 Conn. L. Rptr. No. 1, 34, in this regard.
For the reasons set forth above, the court concludes that this case is not a "contested case" within the meaning of General Statutes §§ 4-166 and 4-183. The court does not have jurisdiction to hear the plaintiff's appeal, therefore.
MALONEY, J.