[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Joseph Williams appeals the decision of the defendant Connecticut Medical Examining Board rejecting his request for reinstatement of his license to practice medicine without a hearing. The board acted pursuant to General Statutes § 19a-17(d). The plaintiff appeals pursuant to § 4-183. The defendants move to dismiss on the basis that this is not a contested case within the meaning of the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. The court finds the issues in favor of the defendants.
On December 20, 1994, after a hearing, the board revoked the plaintiff's license to practice medicine. On March 18, 1995, the plaintiff wrote the board requesting reinstatement of his license. On April 18, 1995, the board notified the plaintiff that it would not consider his request for reinstatement. The plaintiff appeals that decision of the board.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right.Tarnapol v. Connecticut Siting Council, 212 Conn. 157,163-164 (1989). General Statutes §§ 4-166 and 4-183
provide only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal only a "final decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case," as defined in § 4-166, is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." A person "does not have a CT Page 12091 right to appeal unless the (agency) was statutorily required to determine the (person"s) legal right or privilege in a hearing or after an opportunity for a hearing." Summit Hydropower Partnership v. Commissionerof Environmental Protection, 226 Conn. 792, 802 (1993). In the present case, the board did not conduct a hearing on the plaintiff's request for a hearing. The plaintiff contends, however, that General Statutes § 19a-17(d) required a hearing. The basis of the board's motion to dismiss is that the statute does not require hearings on such requests.
Section 19a-17(d) provides, in relevant part, as follows:
 Such board . . . may reinstate a license which has been suspended or revoked if, after a hearing, such board . . . is satisfied that the practitioner or permittee is able to practice with reasonable skill or safety to patients, customers or the public in general.
In support of its motion, the board contends that the plain language of the statute means that a hearing is required only when the board acts to reinstate a license. No hearing is required, it argues, if the board decides not to reinstate the license. Alternatively, the board argues that even if the statute is ambiguous, the court must grant deference to the interpretation given by the board as the agency responsible for enforcing the statute.
The language of the statute is undeniably awkward. In the court's view, however, its meaning is discernible, if not clear. The statute means that the board must conduct a hearing before it grants a request to reinstate a license to practice medicine. There is no provision, however, requiring a hearing when the board does not propose to grant a former practitioner's request for reinstatement. That is indisputably the situation presently before the court.
The board is correct in its contention that the law requires the court to accord special deference to its interpretation of the statute. Starr v. Commissioner ofEnvironmental Protection, 226 Conn. 358, 372 (1993), CT Page 12092 cited by the board. This is especially true where the agency demonstrates, as it does in this case, that its interpretation has been consistently applied in a number of similar cases over a period of time.
Furthermore, the court views the board's interpretation as completely reasonable. When a former licensee applies for reinstatement of a license that was revoked for cause, he or she may state in detail reasons why the application should be granted and include any supportive references, information and other evidence. Presumably, one of the purposes of requiring a hearing before reinstating such a license is to give former patients and the public the opportunity to comment on the application. Such comment could be relevant to the board being "satisfied that the practitioner . . . is able to practice with reasonable skill and safety to patients, customers or the public in general," as required by the statute. In the absence of such a hearing, the board would not have the benefit of such comment and might have only that information which was provided by the applicant to consider. On the other hand, if the board determines after a review of the application, including any supportive materials, that it should reject the application, a further hearing would have little useful purpose.
The court is also persuaded by the board's argument that if the statute were interpreted as requiring a hearing even in cases where the board does not propose to grant reinstatement, a former licensee could subject the board to virtually continuous, meaningless hearings simply by applying over and over again. An interpretation that produces irrational or bizarre results must be rejected. State v. Uretek, Inc., 207 Conn. 706, 719
(1988).
The court's conclusions do not violate the plaintiff's due process rights. He is correct in arguing that a license to practice medicine is an important property right that may not be revoked by the agency that granted it without an opportunity for the licensee to be heard. The board did not do that in this case, however. The board is not presently revoking the plaintiff's license. The plaintiff does not hold a license to CT Page 12093 practice medicine at this time. When he did hold a license, the board conducted a hearing, in which the plaintiff participated, before it decided to revoke the license. This procedure fully protected the plaintiff's constitutional rights. The "procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause." (Citations and internal quotation marks omitted.) Pet v. Department of HealthServices, 207 Conn. 346, 356 (1988).
In summary, the court concludes that General Statutes § 19a-17(d) does not require the medical examining board to conduct a hearing before rejecting an application for reinstatement of a license that it had previously revoked. The court also concludes that the statute as applied pursuant to that interpretation does not violate the former licensee's due process rights.
Since the applicable statute in this case did not require a hearing to be held, the board's decision was not a final decision in a contested case, within the meaning of the administrative procedure act. It is not appealable, therefore, under § 4-183 of that act.
The appeal is dismissed.