[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 102)
This matter is before the court on the defendant's motion to dismiss on the grounds of improper service of process.
On June 27, 1995, the plaintiffs, Robert and Frances Rocco, filed a complaint against the defendant, Mark Melzer, an attorney-at-law, alleging that the defendant was retained to defend them in a civil action. The plaintiffs allege further that the defendant's negligence caused a default judgment to be entered against them. The plaintiffs attached to the complaint a copy of the sheriff's affidavit of service which stated that service was completed by leaving a copy of the writ, summons and complaint in the hands of Philip Russel, Esq., Trustee.
On August 7, 1995, the defendant filed a notice of appearance and on August 11, 1995 the defendant filed a motion to dismiss on the grounds of insufficiency of process.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). Accordingly, a "motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 143.
"Where a particular method of serving process is pointed out by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted.) Board of Education v. Local 1282, 31 Conn. App. 629,632, 535 A.2d 396 (1988).
The defendant argues in its memorandum in support of its motion that by serving Philip Russel, Esq., the plaintiffs did not comply with the requirements of General Statutes § 52-57. The plaintiffs argue in their memorandum in opposition that service of process on Philip Russel, Esq., who was appointed as trustee for the defendant pursuant to Practice Book § 46B,[1] was sufficient. The plaintiffs base their argument on the premise that "as so appointed for matters arising from the defendant's practice of law, the court has placed the trustee in the defendant's stead, consequently, any service of process on the court appointed trustee would be, in effect, service upon the defendant."
Section 52-57(a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or CT Page 12546 complaint, with the defendant, or at his usual place of abode, in this state. General Statutes § 52-57(a)." Tarnopol v.Connecticut Sitting Counsel, 212 Conn. 157, 161, 561 A.2d 931
(1989). Furthermore, the Connecticut Supreme Court has held that "there is no substitute for `in-hand' or abode service where jurisdiction over the person of a resident individual is sought unless a statute provides otherwise." (Internal quotation marks omitted.) Id., 163.
The plaintiff argues that Practice Book § 46B creates an exception to the general requirement of General Statutes § 52-57(a), yet the plaintiffs do not cite any authority supporting this argument. As there is no statutory exception applicable to this situation, the plaintiffs failed to properly serve process on the defendant. Consequently, the court does not have personal jurisdiction over the defendant. The motion to dismiss is granted, accordingly.
MAIOCCO, J.