[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
Plaintiffs Professional Wheelchair Transportation, Inc. and Trinity Ambulance Service, Inc. appeal the decision of the defendant commissioner of transportation granting defendant Ambassador Wheelchair, Inc. a permit to provide livery service to handicapped persons and elderly persons. The commissioner acted pursuant to General Statutes § 13b-105. The plaintiffs appeal pursuant to § 4-183. Before the court is the defendants' motion to dismiss the appeal.
The basis of the defendants' motion is that the plaintiffs are not aggrieved by the decision. The essential facts are not in dispute. The plaintiffs and defendant Ambassador are competitors. The plaintiffs assert that their business interests will be adversely affected by the decision to permit Ambassador to compete against them.
The court has reviewed the commissioner's decision and the briefs of the parties. The court concludes that resolution of the issues raised by the defendants' motions, as set out in their CT Page 4425 briefs, is controlled by the decision of the Supreme Court inUnited Cable Television Services Corporation v. Department ofPublic Utility Control, 235 Conn. 334 (1995). In that case, the Supreme Court held that the interest that the plaintiff seeks to protect must be within the "zone of interests to be protected or regulated by the statute . . . in question." See alsoTransportation General, Inc. v. Commissioner of Transportation,
Superior Court, judicial district of Hartford/New Britain, Docket No. CV 95 070 55 78 (September 25, 1995).
In the present case, the statutes cited by the plaintiffs do not require the commissioner to consider the interests of existing permit holders, such as the plaintiffs, and the effect on them of granting the permit to a new competitor. In accordance with the rule of the cases cited above, the court concludes that the plaintiffs are not legally aggrieved by the commissioner's decision.
At oral argument on this motion, counsel for Ambassador pointed out that General Statutes § 13b-105, the statute authorizing the commissioner to issue the permit, does not require the commissioner to hold a hearing. In pertinent part, the statute provides that the department of transportation may issue the permit "with or without hearing." This circumstance provides another basis for the mandatory dismissal of the appeal.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). General Statutes §§ 4-166 and 4-183
provide only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal only a "final decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case," as defined in § 4-166, is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." A person "does not have a right to appeal unless the (agency) was statutorily required to determine the (person"s) legal right or privilege in a hearing or after an opportunity for a hearing." (Emphasis added.) Summit Hydropower Partnership v.Commissioner of Environmental Protection, 226 Conn. 792, 802
(1993). CT Page 4426
Since § 13b-105 does not require but only permits the department to hold a hearing on an application for an handicapped and elderly livery permit, the proceeding is not a contested case, and the agency's decision is not appealable under the provisions of § 4-183.
For all of the above reasons, the court lacks jurisdiction and the appeal is dismissed.
MALONEY, J.