[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Salvatore Presutti appeals a decision of the defendant state department of health finding him in violation of state and local health codes. The plaintiff appeals pursuant to General Statutes § 4-183. Before the court are the defendants' motion to dismiss.
The basis of the defendants' motion is their contention that the court lacks jurisdiction over the subject matter of the appeal because of the plaintiff's failure to comply with the filing requirement of subsection (c) of § 4-183.
The court must fully resolve any jurisdictional question before considering the merits of the appeal.Castro v. Viera, 207 Conn. 420, 429 (1988). General Statutes § 4-183 (c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Even if the appeal is served on the defendant agency within the forty-five days after issuance of the agency's decision, the failure also to file it in the court within that time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation. Inc. v. Freedom of Information Commission etal, 227 Conn. 848 (1993).
In the present case, it is undisputed that the health department's final decision was mailed to the plaintiff on June 3, 1996 and received by him on June 5. CT Page 9876 It is likewise undisputed that the plaintiff filed the appeal in this court on August 9, 1996. That was the sixty-seventh day after the mailing.
The plaintiff advances a number of arguments in opposition to the defendants' motion to dismiss. First, he claims that the defendants' motion is itself untimely in that it was filed beyond the time prescribed by Practice Book § 142. That section, however, does not pertain to motions to dismiss that question the court's subject matter jurisdiction. Such motions may be made at any time. See Practice Book § 145 and Castro v. Viera,
supra, 207 Conn. 429-430.
The plaintiff argues that subsection (g) of § 4-183
provides an extra thirty days within which to file the appeal. That statute provides a period of thirty days from the date of service, or such longer period as the court may order, during which the agency must assemble and file the record of its proceedings. The plaintiff claims that the law should be interpreted to excuse him from filing his appeal until after the record has been compiled. There is simply no authority to support this claim, and since it directly conflicts with the plain language of subsection (c) and the holding of the Supreme Court in the Glastonbury Volunteer Ambulance case, supra, the court may not sustain it.
The plaintiff argues that the decision of the Supreme Court in Tolly v. Department of Human Resources,225 Conn. 13 (1993) excuses errors in the filing of appeals unless the administrative agency demonstrates that it has been prejudiced thereby. That is a misreading of the Tolly decision, however. The Tolly case involved a defect in the service of an appeal on the agency, a service that had been timely made. The Tolly decision has no bearing on a case, such as the present one, in which the appeal is untimely filed. See Glastonbury VolunteerAmbulance Assn. v. FOI, supra, 227 Conn. 856.
Finally, the plaintiff makes the generalized claim that dismissal of his appeal would unfairly deprive him of the opportunity to present the merits of his case to the court, based on a "technicality" and ignoring the good faith and diligence that he manifested. In this CT Page 9877 regard, he points to the fact that the appeal was timely served on the defendants and that he consulted the office of the clerk of the court numerous times in an effort to determine the requirements for filing.
With respect to the question of fairness, the court first notes that appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right.Tarnapol v. Connecticut Siting Council, 212 Conn. 157,163-164 (1989). That includes the procedural requirements of General Statutes § 4-183 (c). Furthermore, "the procedures required by the (Uniform Administrative Procedure Act, of which § 4-183 is a part) exceed the minimal procedural safeguards mandated by the due process clause (of the constitution)." Pet v. Department ofHealth Services, 207 Conn. 346, 356-357 (1988). Most significantly, in the court's view, on the question of fairness, the transcript of the administrative hearing reveals that the plaintiff was specifically informed at the close of the hearing that "it's a 45 day appeal period to the Superior Court." The law and the facts of this case, therefore, do not support the plaintiff's argument that § 4-183 is unfairly applied in this case.
Since the plaintiff did not file the appeal in the court within the time prescribed by 21 4-183 (c), the court lacks jurisdiction over the subject matter. The appeal is, therefore, dismissed.
MALONEY, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9980