[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, the state commission on human rights and opportunities, appeals the decision of its hearing officer declining to award back pay and other compensation to Evon Kochey after finding that defendant Eastman Kodak Company had discriminated against Kochey in the terms of her employment. The commission appeals pursuant to General Statutes §§ 46a-94a and4-183. Presently before the court is Kodak's motion to dismiss the appeal, asserting that the court lacks jurisdiction over the subject matter. The court finds in favor of defendant Kodak.
A brief recapitulation of the history of this case provides the necessary context for the court's decision. Evon Kochey, a former employee of Kodak, filed a complaint with the commission on March 9, 1983, alleging that Kodak discriminated against her on the basis of her physical disability. She claimed that Kodak's termination of her employment was, therefore, illegal. After a protracted investigation, the commissioner's investigator determined that there was reasonable cause to believe that the discrimination had occurred. Thereafter, the commission appointed a hearing officer to hear the complaint and render a decision. The hearing officer convened the hearing on December 1, 1992, and met on various days over the next twelve months, concluding the CT Page 2098 hearing on December 20, 1993. Two and one half years later on May 1, 1996, the hearing officer rendered a final decision, holding that Kodak was guilty of the claimed discrimination and ordering it to desist from further discrimination in the future. The hearing officer did not award Kochey any compensation, however. After requesting and being denied reconsideration by the hearing officer, the commission filed this appeal in this court on July 9, 1996. In its petition, the commission alleges that because the hearing officer failed to award Kochey monetary compensation, the decision does not eliminate the effects of the discrimination and it "chills" the effectiveness of the commission's anti-discrimination activities. Kochey herself did not appeal, however.
Kodak advances essentially three arguments in support of its motion to dismiss: (1) that the commission lacks statutory authority to appeal its hearing officer's decision; (2) that even if it had standing to appeal, the commission is not legally aggrieved by the decision; and (3) that the appeal was not timely filed in this court. The court concludes that the first issue is dispositive of the motion to dismiss.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). Unless the appellant can affirmatively demonstrate such standing to appeal under applicable statutes, the court lacks jurisdiction and must dismiss the appeal. Such statutory standing is a threshold issue, distinct from the question of aggrievement. Office of Consumer Counsel v.Department of Public Utility Control, 234 Conn. 624 (1995).
In the present case, the commission cites Public Act 83-496, amending General Statutes § 46a-95 (j) as the statutory source of its standing to appeal. In pertinent part, the statute, as amended, provided that "The Commission on Human Rights and Opportunities, any respondent or any complainant aggrieved by a final order of a hearing officer may appeal therefrom in accordance with section 4-183." In 1988, that provision was transferred to the newly enacted § 46a-94a, where it now resides.
The flaw in the commission's position is thatPublic Act 83-496, granting the commission the authority to appeal, did not CT Page 2099 take effect until October 1, 1983, almost seven months after the filing of Kochey's complaint. Prior to the effective date of the Act, § 46a-95 (j) permitted only the complainant (Kochey) and the respondent (Kodak) to appeal. Therefore, when the agency proceeding in this case commenced, with the filing of the complaint, the commission had no standing to appeal.
Section 4-185 (a) of the Uniform Administrative Procedure Act provides, in pertinent part, "Each agency proceeding commenced prior to July 1, 1989, is governed by the law in effect when the proceeding was commenced." As noted, the law in effect when the commission proceeding was commenced in this case did not authorize the commission to appeal decisions of its hearing officers. The commission argues that § 4-185 does not relate to the appeal provisions in title 46a, but it offers no convincing reason for its position. The court agrees, rather with Kodak's position, which notes the express reference to the Uniform Administrative Procedure Act in the appeal provisions of title 46a and contends that the provisions are interdependent. The court concludes that the commission lacks standing to appeal its hearing officer's decision in this case because the applicable statute, § 46a-95 (j), which was in effect when the proceeding commenced in March 1983, did not authorize the commission to do so. Accordingly, the court lacks jurisdiction over the subject matter of the appeal.
The appeal is dismissed.
Maloney, J.