[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS
The defendant moves to dismiss this action on two grounds. The first is under the prior pending action doctrine. The second is the plaintiff's lack of standing.
As to the second ground, the plaintiff has conceded that the named plaintiff, Group Distance Dialing, is not a legal entity and that in fact the real party in interest is Kenneth Kasek who does business as Group Distance Dialing. The plaintiff seeks permission to substitute Kenneth Kasek as plaintiff pursuant to P.B. § 101. Since P.B. § 101 provides for such substitution under these circumstances, the court denies the Motion to Dismiss on this ground and orders the plaintiff to file a substituted summons and complaint correcting the misnomer CT Page 3220 within thirty days of this ruling.
As to the first ground, the defendant argues that there is a prior pending action in Florida between these parties. The parties in the Florida action are Group Long Distance, Inc. v.Sharon N. Kasek, d/b/a Group Discount Dialing. While this "chills" the effectiveness of the commission's anti-discrimination activities. Kochey herself did not appeal, however.
Kodak advances essentially three arguments in support of its motion to dismiss: (1) that the commission lacks statutory authority to appeal its hearing officer's decision; (2) that even if it had standing to appeal, the commission is not legally aggrieved by the decision; and (3) that the appeal was not timely filed in this court. The court concludes that the first issue is dispositive of the motion to dismiss.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). Unless the appellant can affirmatively demonstrate such standing to appeal under applicable statutes, the court lacks jurisdiction and must dismiss the appeal. Such statutory standing is a threshold issue, distinct from the question of aggrievement. Office of Consumer Counsel v.Department of Public Utility Control, 234 Conn. 624 (1995).
In the present case, the commission cites Public Act 83-496, amending General Statutes § 46a-95 (j) as the statutory source of its standing to appeal. In pertinent part, the statute, as amended, provided that "The Commission on Human Rights and Opportunities, any respondent or any complainant aggrieved by a final order of a hearing officer . . . may appeal therefrom in accordance with section 4-183." In 1988, that provision was transferred to the newly enacted § 46a-94a, where it now resides.
The flaw in the commission's position is thatPublic Act 83-496, granting the commission the authority to appeal, did not take effect until October 1, 1983, almost seven months after the filing of Kochey's complaint. Prior to the effective date of the Act, § 46a-95 (j) permitted only the complainant (Kochey) and the respondent (Kodak) to appeal. Therefore, when the agency proceeding in this case commenced, with the filing of the CT Page 3221 complaint, the commission had no standing to appeal.
Section 4-185 (a) of the Uniform Administrative Procedure Act provides, in pertinent part, "Each agency proceeding commenced prior to July 1, 1989, is governed by the law in effect when the proceeding was commenced." As noted, the law in effect when the commission proceeding was commenced in this case did not authorize the commission to appeal decisions of its hearing officers. The commission argues that § 4-185 does not relate to the appeal provisions in title 46a, but it offers no convincing reason for its position. The court agrees, rather with Kodak's position, which notes the express reference to the Uniform Administrative Procedure Act in the appeal provisions of title 46a and contends that the provisions are interdependent. The court concludes that the commission lacks standing to appeal its hearing officer's decision in this case because the applicable statute, § 46a-95 (j), which was in effect when. the proceeding commenced in March 1983, did not authorize the commission to do so. Accordingly, the court lacks jurisdiction over the subject matter of the appeal.
The appeal is dismissed.
MALONEY, J.