[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent Department of Social Services (hereinafter D.S.S.) moves to dismiss the Plaintiff's administrative appeal, on the basis that the decision appealed from is not a final decision for the purposes of General Statutes § 4-183.
The Plaintiff brings this appeal pursuant to General Statutes § 17b-61[1] and § 4-183 (Uniform Administrative Procedures Act hereinafter U.A.P.A.). The appeal challenges a D.S.S. fair hearing decision of June 18, 1996; which set a Medicaid community spouse allowance. In addition to filing this appeal the Plaintiff requested and was granted a reconsideration of the underlying Medicaid claims. D.S.S. granted the reconsideration request, received additional evidence and rendered a subsequent decision on such claim. The decision on the reconsideration is dated December 20, 1996; and Plaintiff has not appealed from such ruling.
At the hearing on the Motion it was discovered that the appeal was not filed until August 13, 1996. The issue of "subject matter jurisdiction may be raised at any time and therefore can neither be waved . . . nor conferred by consent." (Citations omitted.) Daley v. Hartford,215 Conn. 14, 26 cert. denied, 498 U.S. 982 (1990). "Once brought to the attention of the court, regardless of the form of the Motion it must be acted upon." Cahill v. Boardof Education, 198 Conn. 229, 238 (1985 Cahill II). The court must fully resolve any jurisdiction question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1983). General Statutes § 4-183 (c) provides that an appeal must be filed in the Superior Court "[w]ithin forty-five days after mailing of the final decision. . . ." The failure to file an appeal within the forty-five days time period deprives the court of subject matter jurisdiction. An Appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163-64 (1989).
The decision was issued and mailed on June 18, 1996 and CT Page 6429 was not filed until August 13, 1996; well beyond the forty-five day time period.
The appeal is dismissed.
Robert F. McWeeny, J.