[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO PRESENTADDITIONAL EVIDENCE
The plaintiffs Connecticut Employees Union, Inc. and Livingston, Adler, Pudla Meiklejohn, P.C. filed this appeal on September 8, 1997, from a decision of the defendant Commissioner of the Department of Insurance (Commissioner) approving the merger between Anthem Insurance Companies, Inc. and Blue Cross and Blue Shield of Connecticut, Inc. and the resulting change of control of Anthem Health Plan Inc. and Connecticut American, Inc. While the answer and record have been filed, no briefing schedule has been set. The plaintiffs now move for leave to present additional evidence pursuant to General Statutes § 4-183(h).
This appeal is governed by the Uniform Administrative Procedure Act, (UAPA) General Statutes §§ 4-166 through 4-189. Strict compliance with these statutory provisions is required. See Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). Under General Statutes § 4-183(h) the legislature has provided a procedure for returning the case to the agency prior to final judgment. That provision reads,
 If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the CT Page 2143 additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
Before ordering that the commissioner take further evidence, this court must determine 1) that the additional evidence is material and 2) that there were good reasons for the failure to present the evidence in the commissioner's original proceeding.
The plaintiffs seek to present the following evidence:
 a. The adequacy of the surplus set aside for the company providing replacement insurance;
 b. The financial strength of Anthem and the value of the Certificate of Guaranty;
c. The mistaken calculation of Anthem's reserves;
 d. The effect of the use of the GAAP accounting vs. statutory accounting;
 e. The reduction in quality of service, likely from the merger;
 f. The effect of the dilution of voting powers on BCBS members;
g. The rights of Anthem to the surplus of BCBS; and
 h. The lack of consideration given by the Hearing Officer to the rights of members.
The court has reviewed the entire record. The plaintiffs were provided with an opportunity to cross examine the Anthem and Blue Cross officers and witnesses fully on the issue of merger's fairness to the policyholders. (ROR, Binder VIII, pp. 9-10.) Further, the Commissioner's agents, Attorney Callahan in particular, cross examined these witnesses at length on issues members of the public had made known to the department. In addition, the record reflects that Attorney Callahan inquired into concerns the Commissioner had after reviewing the extensive CT Page 2144 revised Form A Statement and hearing the testimony of the Anthem/Blue Cross witnesses. The special assistant attorney general, Robert Dombroff, and the Commissioner's financial examiner, Robert Cawthon, also questioned the officers and witnesses of Blue Cross and Anthem. Thereafter, the plaintiffs presented testimony by two witnesses on the issue of fairness to the policyholders. The department then presented its expert witness who had studied the Form A documents, filings, financial statements, industry reports and management of both Blue Cross and Anthem. The plaintiffs and defendants were allowed cross examination and closing arguments. Public comment followed and encompassed issues raised by the plaintiffs.
After review of the entire record, the court concludes that these plaintiffs have failed to show that there were good reasons for their failure to present the evidence they now proffer on the issue of fairness to the policyholders. Accordingly, the court does not address the issue of materiality. These plaintiffs were actively involved in the hearing process and did not ask to present further evidence at the time of the hearing. The court notes that counsel for the plaintiffs vigorously and thoroughly presented the plaintiffs' position. The criteria of General Statutes § 4-183(h) have not been met.
The motion is denied.
DiPentima, J.