[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO PRESENTADDITIONAL EVIDENCE
The plaintiff Comptroller of the State of Connecticut (Comptroller) filed this appeal on September 22, 1997, from a decision of the defendant Commissioner of the Department of Insurance (Commissioner), approving the merger between Anthem Insurance Companies, Inc. and Blue Cross and Blue Shield of Connecticut, Inc. and the resulting change of control of Anthem Health Plan Inc. and Connecticut American, Inc. While the answer and record have been filed, no briefing schedule has been set. The comptroller now moves for leave to present additional evidence pursuant to General Statutes § 4-183 (h).
This appeal is governed by the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166 through 4-189. Strict compliance with these statutory provisions is required. See Tarnopol v. ConnecticutSiting Council, 212 Conn. 157, 163-164 (1989). Under General Statutes § 4-183 (h) the legislature has provided a procedure for returning the case to the agency prior to final judgment. That provision reads,
 If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
Before ordering that the department take further evidence, this court must determine 1) that the additional evidence is material and 2) that there were good reasons for the failure to present the evidence in the department's original proceeding. The court need not address the first prong of this test because the plaintiff has failed to satisfy the second prong. CT Page 2140
The comptroller seeks to present the following additional evidence:
 • The new policy and the minority interest are not fair and reasonable replacements for the Plaintiff's and other policyholder's ownership of the surplus (Testimony of Christian DesRochers and others);
 • The Commissioner relied on flawed financial data in determining that the merger of BCBS-CT and Anthem would result in a financially strong company able to serve policyholders and those buying insurance (Testimony of Christian DesRochers, FSA, MAAA);
 • The combined entity does not have sufficient capacity to write new premiums under current regulatory guidelines and has, in fact, already exceeded its capacity (Testimony of Christian DesRochers);
 • Anthem is very highly leveraged and much weaker financially than the analysis relied upon by the Commissioner implies (Testimony of Christian DesRochers);
 • There are presently cases pending in Kentucky and Ohio seeking charitable set asides for mergers already completed in those states; and a similar action has now been brought in Connecticut.
 • If all of any of the charitable asides now being litigated in Kentucky, Ohio and in Connecticut are successful, Anthem will be in financial difficulty (Testimony of Christian DesRochers; Record; Townsend and Schupp Report); and
 • The structure proposed in the merger leaves Connecticut insureds with a financially weak company that is answerable to a financially weak parent and it puts insureds and policyholders, including the Plaintiff, at risk (Testimony of Christian DesRochers).
She argues that these matters are material to the issue of whether the merger is fair and reasonable to the policyholders. In a prior ruling on the issue of aggrievement, this court found that the comptroller had pleaded and proved a possibility that an interest CT Page 2141 she had as a policyholder had been adversely affected. That finding was based upon the court's review of the record. Wyman v.Department of Insurance, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573695 (November 25, 1997).
The comptroller claims that the second prong of § 4-183 (h) is satisfied because she was denied party status which prevented her from presenting this evidence before the department. Indeed, the record reflects that the comptroller petitioned the department to be made a party to the proceeding under General Statutes § 4-177 (a). (ROR, Binder II, B-87, p. 5). That petition was denied. Unlike the plaintiffs in the companion appeal, however, the comptroller made no request for intervenor status under § 4-177(b).[1] By failing to apply for intervenor status, the Comptroller failed to "utilize a remedy available to cure a procedural defect [which] can constitute a waiver of the right to object to the alleged defect. Jutkowitz v. Dept. of Health Services, 220 Conn. 86, 95
[(1991)]."Dragan v. Connecticut Medical Examining Board,223 Conn. 618, 629-31 (1992). The Comptroller chose not to pursue the remedy available to her, and this decision foreclosed any possibility that she would be permitted to present evidence at the administrative hearing.
For this reason and the reasons set forth in its contemporaneous decision on the motion in the companion appeal, the court finds that the comptroller has not shown good reason for her failure to present this testimony before the department in the proceeding below.
The motion is denied.
DiPentima, J.