[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendants John Murphy, Mahlon Sabo, Thomas Doe #1[1]
and Thomas Doe #2 have moved to dismiss this complaint claiming that the court lacks jurisdiction over them because of failure of service.
"`Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place of abode, in this state.' General Statutes § 52-57(a). The person to whom in hand or abode service must be made when an entity such as a municipality, corporation or voluntary association is named as a defendant in a civil action is set forth in (General Statutes) § 52-57(b) through (e). The only exception to in hand or abode service on defendants that reside in or have agents located in Connecticut, is specifically set out in (General Statutes) § 4-183(b) and allows parties appealing from an administrative decision to make service on the defendant agency by mailing a copy of the petition . . ." Tarnopol v. ConnecticutSiting Council, 212 Conn. 157, 161-62, 561 A.2d 931 (1989).
"When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Tarnopol v. Connecticut SitingCouncil, supra, 212 Conn. 163 n. 8. "One who is not served with process does not have the status of a party to the proceeding . . . A court has no jurisdiction over persons who have not been made parties to the action before it." Delio v.CT Page 11353Earth Garden Florist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057
(1992).
Accordingly the plaintiff Michael Marciano attempted service of process upon the defendants John Murphy, Mahlon Sabo, Thomas Doe #1 and Thomas Doe #2 through leaving a copy of the writ, summons and complaint with Lieutenant Newkirk of the Torrington Police Department. (Motion To Dismiss, Exhibit A, p. 2-3.)
Therefore, based on the foregoing, the defendants John Murphy, Mahlon Sabo, Thomas Doe #1 and Thomas Doe #2's motion to dismiss Michael Marciano's complaint is granted on the ground that personal jurisdiction over these defendants is absent due to insufficiency of service of process.
By the court,
GILL, J.