[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
The plaintiff has brought an action claiming unfair employment actions against her former employer, Sonitrol Communications Corporation. The defendant has moved to dismiss the action on the grounds that service of process was inadequate and that subject matter jurisdiction is lacking because the complaint was untimely. Because I find service inadequate, I do not reach the second ground.
The facts regarding service are not in material dispute. This claim was first brought to the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The defendant was represented in that action by Ursula L. Haerter, an attorney at the law firm of Pepe Hazard. After a release letter was provided by the CHRO[1], the plaintiff attempted to commence the instant action by serving process on Ms. Haerter.[2] In answer to CT Page 12728 interrogatories before the CHRO, the defendant had averred that service was to be made on Haerter, who was the defendant's attorney in that administrative proceeding.
The defendant claims that because it is a corporation, process can effectively be served on it only by the manner prescribed in § 52-57© of the General Statutes, and Haerter is not in any of the categories listed in that section. The plaintiff agrees that service of process must be made according to § 52-57 (c), but she claims that Haerter is a "general agent" of the corporation by virtue of the interrogatory response authorizing service upon her.
Process may not be effectively served on a domestic corporation by service on anyone other than those listed in §52-57© of the General Statutes. Service on an attorney who represented the corporation in a related action, or on an attorney who generally represents the corporation, is ineffective. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163, 166 (1989); Sodhi v. Nationwide Mutual Insurance, 1998 WL 161166, CV 96 564554 (J.D. of Hartford 1998) (Mulcahy, J.). A regulation of the CHRO suggests that its provisions concerning service on attorneys do not apply to court proceedings. See § 46a-54-30 of the Connecticut Regulations. In a case factually similar to the one at hand, Judge Schaller held that service on an attorney who represented the defendant in a prior related administrative hearing was not effective in a subsequent civil action. Ertel v. Carothers, 1992 WL 98089, CV 89 362620 (J.D. of Hartford/New Britain at Hartford, 1992) (Schaller, J.). In the case at hand, the interrogatory response in the administrative action did not service of process to be accomplished in a subsequent case by service on the attorney; the response did not create a transcendent "general agency" for the purpose of §52-57 (c).
The motion to dismiss is granted.
Beach, J.